■ In the Matter of PAUL MARTURANO, Appellant, v EDWARD HAMMOCK, as Chairman of the New York State Board of Parole, Respondent. — Appeal from a judgment of the Supreme Court at Special Term (Kahn, J.), entered July 27, 1981 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the New York State Board of Parole denying him parole release. In 1972, petitioner was sentenced to an indeterminate term of imprisonment of 0 to 20 years upon a conviction of manslaughter in the first degree. In 1976, petitioner was also sentenced to a consecutive term of from one and one-half to three years upon a conviction of escape in the second degree. Concededly, petitioner's minimum period of imprisonment (MPI) was set in 1973 prior to the establishment of guidelines regarding the fixing of an inmate's MPI pursuant to section 259-i (subd 1, par [a]) of the Executive Law. At the expiration of petitioner's five-year MPI in 1978, he was considered for parole release. He was denied parole and the date for reconsideration was set for two years later. In 1980, petitioner was again considered for parole and parole was again denied. The board gave as reasons for the denial the serious nature of the offenses for which petitioner was imprisoned, his prior criminal history and his assaultive type behavior while under the influence of alcohol. Petitioner commenced this present article 78 proceeding seeking to annul this determination and requesting a new release hearing. Special Term dismissed the petition and this appeal ensued. Petitioner contends that the board was precluded from considering the seriousness of the offenses and his past criminal history by 9 NYCRR 8002.3 (b) which applies to those cases "where the guidelines have previously been applied". The guidelines referred to are those guidelines employed in determining an inmate's MPI which include consideration of the seriousness of the offense and prior criminal record (Executive Law, § 259-i, subd 1, par [a]). It is argued by petitioner that the guidelines were applied in his 1978 denial of parole and, therefore, the board was restricted to consideration of only those factors set forth in 9 NYCRR 8002.3 (b) which do not include the seriousness of the offense or past criminal history. In our view, however, the reference in 9 NYCRR 8002.3 (b) to the previous application of the guidelines pertains to cases where the MPI was set pursuant to the guidelines. Section 259-i (subd 2, par [c]) specifically provides that "in making the parole release decision for persons whose minimum period of imprisonment was not fixed pursuant to the provisions of subdivision one of this section, in addition to the factors listed in this paragraph the board shall consider the factors listed in paragraph (a) of subdivision one of this section." Thus, the statute requires consideration of the seriousness of the offense and prior criminal record in the present case as petitioner's MPI was not fixed pursuant to subdivision 1 of section 259-i of the Executive Law and those factors are listed in section 259-i (subd 1, par [a]) of the Executive Law. To read 9 NYCRR 8002.3 (b) as precluding consideration of

those factors in the present case because the guidelines were applied when petitioner was denied parole in 1978 would require an interpretation out of harmony with the statute and the board has no authority to create such a rule (see *Finger Lakes Racing Assn. v New York State Racing & Wagering Bd.*, 45 NY2d 471). Consequently, we conclude that the board properly considered the seriousness of the offenses and petitioner's prior criminal history in denying him parole. The judgment, therefore, must be affirmed. Judgment affirmed, without costs. Sweeney, J. P., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.