OPINION OF THE COURT
Samuel L. Green, J.
In this CPLR article 78 proceeding, petitioner challenges a decision of the Parole Board which denied him parole. He alleges essentially that the Parole Board incorrectly considered him a persistent felony offender and failed to keep a verbatim record of his administrative appeal. Petitioner concludes that respondent’s decision was arbitrary, capricious and erroneous as a matter of law.
On January 20, 1981, petitioner appeared before the Parole Board for release consideration. After some preliminary inquiries, the following colloquy occurred:
“Q. Now we look at your previous criminal history and, of course, when you committed this act and that was for robbery, seven year sentence. It would look like maybe since ’64, you have been involved in maybe seven or eight robberies, is that right?
“A. That is true.
“Q. It has been almost consistent. Anything you would like to say about that?
*870 “A. * * * I realize if I should ever commit another felony, that is it. That is the ball game for me, I am through.
“Q. You will be spending life in prison.
“A. That is it, really. I will be a persistent offender.
“Q. You are persistent now. You are lucky you didn’t get this kind of sentence on this one.”
Petitioner was denied parole and held 18 months. He appealed on the ground that the Parole Board “erroneously perceived [his] prior criminal record.” On January 20,1982 his appeal was denied on the ground that petitioner’s criminal record was a relevant consideration and because “the panel’s reference to inmate as a persistent offender was totally appropriate, in that board members are laymen and such reference was to be afforded its ordinary usage and did not constitute a legal usage for sentencing purposes.”
This court has limited authority to review a decision of the Parole Board (Matter of Briguglio v New York State Bd. of Parole, 24 NY2d 21). Based upon the foregoing testimony this court is unable to conclude there was a likelihood that respondent’s decision to deny petitioner’s parole was based on inaccurate information (cf. Matter of Brazill v New York State Bd. of Parole, 76 AD2d 864). The single reference to petitioner as a persistent felon was made within the context of reviewing petitioner’s criminal behavior, which included, by petitioner’s admission, involvement in seven or eight robberies. Petitioner fails to cite any precedent which imposes upon the Parole Board the limited definition for sentencing purposes of a persistent felony offender in section 70.10 of the Penal Law.
Petitioner’s remaining contention, however, rests on firmer ground. He contends that he is entitled to a de nova parole release hearing because respondent failed to make a verbatim record of his administrative appeal of respondent’s denial of his parole. Subdivision 6 of section 259-i of the Executive Law provides:
“259-i. Procedures for the conduct of the work of the state board of parole * * *
*871 “(6) Record of proceedings. The board shall provide for the making of a verbatim record of each interview, parole release hearing, preliminary hearing, revocation hearing and appeal” (Emphasis added.)
Respondent concedes that no verbatim record of petitioner’s appeal was made, but argues that none was required because the reasons for denial of petitioner’s parole were clearly stated at the conclusion of his parole release hearing of which a full transcript was made. Respondent further argues that no transcript has ever been made of a “paper” appeal of this kind on the standard P-2003 form traditionally used by the Parole Board. Respondent concludes that there has been no “showing of irrationality bordering on impropriety” to justify intervention by this court (Russo v New York State Bd. of Parole, 50 NY2d 69, 77).
The Executive Law, however, is clear and mandatory. There are no exceptions to the requirement that a verbatim record be made of an appeal of a parole release decision. The regulations of the Parole Board mirror this requirement. Moreover, on at least two prior occasions, respondent has been directed by Justices of this court to prepare transcripts of precisely the same sort of administrative appeal at issue herein (People ex rel. Costner v Smith, Supreme Ct, Wyoming County, Oct. 22,1981; Matter of Knowles v Smith, Supreme Ct, Wyoming County, Dec. 16, 1981).
Because there is no declaration or memoranda to illuminate the legislative intent behind subdivision 6 of section 259-i of the Executive Law, this court can only presume that the requirement of a verbatim record of each appeal of a parole release determination was imposed to assure that the Parole Board is fully accountable for its decisions and to insulate it from any suspicion which is usually engendered by secretive and silent practices.
Accordingly, respondent’s decision is annulled and respondent is ordered to grant petitioner a de nova parole release hearing before the next available Parole Board *872 which commences at the Attica Correctional Facility wherein petitioner is presently incarcerated.