*463 OPINION OF THE COURT
Vincent E. Doyle, J.
This matter came before this court by an order to show cause. The petitioner seeks an order directing that the respondents’ determination to deny him parole release and to hold him for 24 months be annulled, and granting him a de novo release hearing. The respondents oppose this application.
The petitioner was sentenced on September 27, 1978 by the Essex County Court after having pleaded guilty to the crime of burglary in the third degree. He received an indeterminate term of imprisonment of zero to four years consecutive to a sentence previously imposed with an indeterminate term of imprisonment of 12V2 to 25 years.
The petitioner initially met the Board of Parole for a minimum period of imprisonment (hereafter MPI) appearance in November, 1978, at the Clinton Correctional Facility. An MPI was established at 48 months.
The petitioner then appeared for parole release consideration on January 26,1982. The board denied parole release and decided to hold the petitioner for an additional two years. An appeal was submitted to the appellate panel of the Division of Parole which affirmed the decision of the Parole Board.
The petitioner argues that the board’s determination is illegal and is affected by an error of law. Specifically, he contends that the board was precluded from considering the seriousness of his offenses and his past criminal history by 9 NYCRR 8002.3 (b), which applies to those cases “where the guidelines have previously been applied”. “The guidelines referred to are those guidelines employed in determining an inmate’s MPI which include consideration of the seriousness of the offense and prior criminal record (Executive Law, § 259-i, subd 1, par [a])” (Matter of Marturano v Hammock, 87 AD2d 732). The petitioner contends that since the guidelines were applied in the 1978 setting of his MPI, the board was restricted to consideration of only those factors set forth in 9 NYCRR 8002.3 (b), which do not include the seriousness of the offense or past criminal history. This court does not agree, however, that 9 NYCRR 8002.3 (b) applies to the petitioner’s case.
*464 In 1978, the board set the petitioner’s MPI on the burglary charge at the maximum period of imprisonment, and the petitioner served that entire four-year sentence. His appearance in 1982 before the board, therefore, was not for the purpose of parole release consideration from the 1978 sentence with the board-imposed MPI, but, rather, for parole release consideration from the earlier sentence with the court-imposed MPI.
Section 259-i (subd 2, par [c]) of the Executive Law states that “in making the parole release decision for persons whose minimum period of imprisonment was not fixed pursuant to the provisions of subdivision one of this section, in addition to the factors listed in this paragraph the board shall consider the factors listed in paragraph (a) of subdivision one of this section.” This section mandates consideration of the seriousness of the petitioner’s offenses and prior criminal record, because the MPI on the sentence that the petitioner is now serving was not fixed in accordance with subdivision 1 of section 259-i of the Executive Law, and with those factors listed in paragraph (a) of that subdivision. In addition, 9 NYCRR 8002.3 (b) does not preclude consideration of those factors in any future parole release determination merely because the guidelines were applied in the board’s 1982 decision (see Matter of Marturano v Hammock, supra).
Accordingly, the first contention of the petitioner is without merit.
The petitioner raises a second contention. He maintains that he is entitled to a de novo parole release hearing because the respondents allegedly failed to make a verbatim record of his administrative appeal from the denial of his parole. He contends that the respondents were required under subdivision 6 of section 259-i of the Executive Law to memorialize the actual words spoken by the appellate panel members during their deliberations concerning his appeal, and that they failed so to memorialize. The respondents, on the other hand, argue that since no live testimony was presented to the appellate panel (see 9 NYCRR 8006.2 [c]), and since the petitioner’s appeal was merely submitted on papers (see 9 NYCRR 8006.2 [b]), there was nothing to record. They also argue, in the alternative, that *465 there was a verbatim record which included the parole appeal decision notice and a statement of the findings of the appeals unit (cf. Matter of Collins v Smith, 113 Misc 2d 869). They strenuously object to any interpretation of subdivision 6 of section 259-i which would require them to record the conference discussions of the appellate panel.
There has been no written opinion of any court on the meaning of the section’s phrase “verbatim record” in an appeal context (cf. Matter of Collins v Smith, supra). This court, therefore, holds that a verbatim record of an appeal from a parole release hearing does not consist of a word-byword record of the internal deliberations of the appellate panel, but rather consists of: (1) a transcript of live testimony given before the appellate panel, if any, which had not been previously reduced to writing, and (2) a statement of: the appearances, either personally or on papers, of any counsel; the documents, if any, which were before it on appeal; the questions which were considered; its findings and determination; and the names of the members of the appellate panel, and its vote. The rationale for interpreting the phrase “verbatim record” to include a transcript of any live testimony and a statement of the appearances, documents, questions considered, findings, vote and determination obviously is to facilitate court review. The rationale for also interpreting the phrase to include the names of the appellate panel members, however, may be less apparent. Under subdivision 4 of section 259-i of the Executive Law, any Parole Board member who participated in the decision from which the appeal is taken may not participate in the resolution of the appeal. Thus, to insure that this section is complied with by the parole authorities, the inmate must be provided the names of those persons constituting the appellate panel.
The statement of the findings of the appeals unit and the parole decision notice herein are incomplete because read together they do not include a statement of the personal appearances, or the appearance via papers of any counsel, the documents which were before the appellate panel on appeal, the questions which were considered, or the names of the members of the appellate panel and its vote.
*466 Accordingly, the matter is remanded to the appellate panel for reconsideration in light of this court’s decision. At the completion of its reconsideration, the appellate panel shall furnish the petitioner with a copy of the verbatim record as defined by this court herein.