■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. HAYWOOD YATES, Appellant, v WILSON WALTERS, as Superintendent of the Ossining Correctional Facility, et al., Respondents. — In a habeas corpus proceeding challenging the denial of petitioner's request for release to parole supervision, petitioner appeals from so much of an order of the Supreme Court, Westchester County (Burchell, J.), entered June 6, 1983, as, upon reargument, adhered to its original determination dismissing the proceeding.

Order affirmed insofar as appealed from, without costs or disbursements.

In August of 1978, petitioner was sentenced to an indeterminate term of imprisonment of 10 to 20 years upon his conviction of the crime of manslaughter in the first degree. The incident which was the basis for the manslaughter conviction was committed by petitioner while he was on parole from a prior robbery conviction. The sentencing court specified that the 1978 sentence was to run concurrently with the prior sentence. As a consequence, petitioner was entitled to credit for prior time served on his 1959 conviction as against the minimum sentence imposed on the 1978 conviction (*see,* Penal Law § 70.30 [1] [a]). Despite Special Term's statement that petitioner would not serve his minimum term of imprisonment until 1988, the record reflects that the respondent Parole Board has properly recognized the credit for prior time served by petitioner by granting him parole consideration hearings in January 1979, January 1981 and January 1983, and should continue to do so (*see, People ex rel. Maggiore v Reid,* 84 AD2d 583, *lv denied* 55 NY2d 604).

We further find that the decision of the board members in 1983 to deny petitioner parole because of the serious nature of the offense, petitioner's extensive criminal record, and prior failures at parole supervision, including the fact that the instant offense was committed while petitioner was on parole, is supported by the record and satisfied the board's obligations under Executive Law § 259-i (*see, Matter of Ganci v Hammock,* 99 AD2d 546; *People ex rel. Herbert v New York State Bd. of Parole,* 97 AD2d 128; *appeal withdrawn* 62 NY2d 617; *Matter of Marturano v Hammock,* 87 AD2d 732, *lv denied* 56 NY2d 506; *People ex rel. Maggiore v Reid, supra; Matter of Lynch v New York State Div. of Parole,* 82 AD2d 1012). Since the respondent Parole Board acted in accordance with statutory requirements, and

there has been no "showing of irrationality bordering on impropriety", judicial review of the decision denying parole is precluded (*Matter of Russo v New York State Bd. of Parole,* 50 NY2d 69, 77; *see,* Executive Law § 259-i [5]; *Matter of Ganci v Hammock, supra*). Mollen, P. J., Niehoff, Rubin and Lawrence, JJ., concur.