WENDELL GREENMAN vs. MASSACHUSETTS PAROLE
BOARD & another.[1]

Middlesex.   March 7, 1989. — July 11, 1989.

Present: LIACOS, C.J., WILKINS, ABRAMS, LYNCH, & O'CONNOR, JJ.

*Statute*, Construction. *Practice, Criminal*, Sentence. *Parole*.

The Massachusetts Parole Board properly, in accordance with its duty under
G. L. c. 127, § 135, considered the circumstances of the crime for
which a prospective parolee was sentenced, even though those cir-
cumstances may have described another crime. [386-387]

The record on appeal from the Massachusetts Parole Board's denial of parole
to a prisoner serving a sentence for second degree murder did not support
the prisoner's contention that the board improperly relied solely on the
gravity of the crime in denying him parole. [387-388]

A prisoner's assertions that the Massachusetts Parole Board's denial of his
parole application was a violation of Federal and State constitutional
provisions were without merit. [388-389]

CIVIL ACTION commenced in the Superior Court Department
on April 28, 1986.

The case was heard by *Joseph S. Mitchell, Jr.*, J., on a
motion to dismiss.

The Supreme Judicial Court on its own initiative transferred
the case from the Appeals Court.

*David C. Casey* (*Deborah A. Tootalian* with him) for the
plaintiff.

*Andrew M. Zaikis*, Assistant Attorney General, for the de-
fendants.

LIACOS, C.J. In November, 1968, the plaintiff, Wendell
Greenman, pleaded guilty to murder in the second degree. He
was sentenced to life imprisonment. G. L. c. 265, § 2 (1986
ed.). He now challenges the refusal of the Massachusetts Parole

---

[1] The chairman of the Massachusetts Parole Board.

Board (board) to grant him parole, on four occasions, "due to the gravity of the crime" and on the ground that Greenman has failed to acknowledge "the sexual aspects of the crime." Greenman's amended complaint, filed in February, 1987, alleges that the board acted beyond its statutory authority under G. L. c. 127, §§ 130 et seq. (1986 ed.). The complaint also alleges violations of Greenman's rights under art. 12 of the Massachusetts Declaration of Rights, and under unspecified Federal constitutional provisions, pursuant to 42 U.S.C. § 1983 (1982). A judge of the Superior Court allowed the board's motion to dismiss on January 20, 1988. The plaintiff appealed, and we transferred his appeal to this court on our own motion. We affirm.

We assume as true the facts alleged in Greenman's amended complaint. *Massachusetts Elec. Co.* v. *Athol One, Inc.*, 391 Mass. 685, 686 (1984). According to the amended complaint, Greenman "recalled killing the victim," a ten year old girl. The complaint alleges that he had been "in a tremendous and uncontrollable rage [and] as a result he temporarily blocked the incident from his memory." Nothing in the complaint indicates what were "the sexual aspects of the crime."[2] Greenman allegedly has been an exemplary prisoner since his confinement.

Under G. L. c. 127, § 130, "[n]o prisoner shall be granted a parole permit merely as a reward for good conduct but only if

---

[2] The board asserts in its brief that the sexual aspects of the crime are as follows: "On November 7, 1966, [the victim] was reported missing by her mother when she failed to return from a local store where she went to purchase some milk. The next day, her body was found in a nearby sandpit with her dress above her waist and her panties removed. The cause of death was massive internal bleeding caused by seven stab wounds with a screwdriver-like object. One stab wound was in the back and the other six stab wounds were in the rectum. Subsequent autopsy and lab reports found sperm cells present in both rectal and vaginal smears." Because there is no indication in the record that these were the facts before the board, and in light of the posture of this case, we decline to rely on these alleged facts. Contrast *White* v. *Peabody Constr. Co.*, 386 Mass. 121, 126-128 (1982) (treating motion to dismiss as motion for summary judgment); *Leone* v. *Security Ins. Co.*, 14 Mass. App. Ct. 1026, 1026-1027 (1982), cert. denied, 461 U.S. 960 (1983) (taking judicial notice of court papers in earlier case).

the parole board is of the opinion that there is a reasonable probability that, if such prisoner is released, he will live and remain at liberty without violating the law, and that his release is not incompatible with the welfare of society." Under G. L. c. 127, § 133A, Greenman was entitled to a public hearing before the full membership of the board prior to the expiration of his fifteenth year in prison, and each year thereafter. At such hearings, the board is to be provided, under the statute, with specific information, including "a complete statement of the crime for which [the prisoner] is then sentenced, [and] the circumstances of such crime." G. L. c. 127, § 135. Thus, the circumstances of Greenman's crime clearly are relevant under the statute.

Greenman concedes that "it is appropriate for the Board to consider, among other facts, the circumstances of the crime actually charged." However, Greenman maintains that: (1) the board has gone further in this case and has improperly considered evidence of a crime not charged, namely rape; and that (2) the board has fixed on the gravity of the crime, and that this does not serve the asserted purpose of § 130 as a predictor of Greenman's future conduct if released on parole.

We cannot agree with Greenman that the board is prohibited from considering the circumstances of his crime simply because those circumstances may describe another crime. The board is required by statute to be provided with "the complete criminal record of [the] prisoner" and "reports as to the prisoner's social, physical, mental and psychiatric condition and history." G. L. c. 127, § 135.

Under the plaintiff's interpretation of § 135, which also requires the board be supplied with a statement of the "circumstances of [the] crime," the board would be barred from considering these circumstances precisely when they are most relevant. This position is inconsistent with the statutory scheme which, inter alia, provides that law enforcement authorities shall be notified and may be heard. See G. L. c. 127, § 133A. We decline to read the statute in such an illogical way. *Commonwealth* v. *Lamb*, 365 Mass. 265, 269 (1974).

Greenman also argues that the board acted improperly as both judge and jury. Greenman ignores the fact that the board itself has the authority to evaluate the record before it, and its determination is granted considerable deference. See *Woods* v. *State Bd. of Parole*, 351 Mass. 556, 559 (1967). In addition, a prisoner cannot prevent the board from considering the circumstances of the crime for which he is sentenced merely because he pleaded guilty to a lesser crime than that with which he was charged. *Augustine* v. *Brewer*, 821 F.2d 365, 368-369 & nn.1 & 2 (7th Cir. 1987). *People ex rel. Herbert* v. *New York State Bd. of Parole*, 97 A.D.2d 128, 133 (N.Y. 1983). The board may consider the circumstances of Greenman's offense, including any sexual aspects. See *Resnick* v. *United States Parole Comm'n*, 835 F.2d 1297, 1300 (10th Cir. 1987). See also *People ex rel. Yates* v. *Walters*, 111 A.D.2d 839 (N.Y. 1985), and cases cited.

Greenman's second argument, that the gravity of the crime is not predictive of his conformity to the law, is not persuasive. As the United States Supreme Court has stated, the decision whether to grant parole "involves a synthesis of record facts and personal observation filtered through the experience of the decisionmaker and leading to a *predictive* judgment as to what is best both for the individual inmate *and for the community.* This latter conclusion requires the Board to assess whether, *in light of the nature of the crime,* the inmate's release will minimize the gravity of the offense, weaken the deterrent impact on others, and undermine respect for the administration of justice" (emphasis added). *Greenholtz* v. *Inmates of the Neb. Penal & Correctional Complex,* 442 U.S. 1, 8 (1979).

Greenman asserts that he is being punished a second time for pleading guilty to murder in the second degree, the gravity of which is already taken into account by the statutory scheme as to both sentencing and parole. If the board were to deny Greenman parole on the *sole* basis that murder in the second degree is an inherently heinous crime, that decision might be contrary to the spirit of G. L. c. 127, § 133A. That section provides a specific fifteen-year requirement for parole eligibility in cases of life sentences, and might therefore be read to

have taken into account already the inherent gravity of crimes for which a life sentence is imposed. However, Greenman's complaint alleges facts sufficient to show that the board did not rely simply on the fact of Greenman's conviction of murder in the second degree. To the contrary, the board's stated reasons illustrate that in denying Greenman's parole, the board relied in part on the seriousness of the particular facts of Greenman's crime. These circumstances properly could be found by the board to be predictive of Greenman's probability, if he were released, of being able to "live and remain at liberty without violating the law," and predictive whether Greenman's release would be "incompatible with the welfare of society." G. L. c. 127, § 130. It is difficult to comprehend, for instance, how the circumstance that Greenman was, by his own admission, in an "uncontrollable rage," and that he "blocked the incident from his memory" would not be relevant to predicting Greenman's suitability for release on parole. Likewise, the number and type of injuries to Greenman's victim could be found by the board to be predictive of the amount of punishment that would be adequate to ensure Greenman's individual progress toward rehabilitation. See *In re Trantino Parole Application,* 89 N.J. 347, 373-374 (1982). Greenman's focus on his allegedly model behavior since his conviction, and his focus away from the crime itself, runs counter to the Legislature's pronouncement that "[n]o prisoner shall be granted a parole permit merely as a reward for good conduct." G. L. c. 127, § 130.

Greenman's assertions, clarified on appeal, that the board's decision violates his rights under various Federal and Massachusetts constitutional provisions are without merit.[3] Assuming

---

[3] Greenman's attempt to establish a liberty interest in his parole under Federal law is unpersuasive. Greenman argues that, by virtue of the partial freedom afforded him under a supervised pre-parole program, he has a liberty interest in attaining the greater freedom of a parole. Greenman ignores the distinction, adopted by the Supreme Court, between being deprived of a liberty that one already has and being denied a conditional liberty that one desires. Compare *Morrissey* v. *Brewer,* 408 U.S. 471, 482-483 (1972) (liberty interest in retaining parole status), with *Greenholtz* v. *Inmates of the Neb. Penal & Correctional Complex, supra* at 9 (no liberty

he has a right to do so, Greenman does not attack the sufficiency of the evidence that his crime had sexual aspects. Also, he does not assert that the board failed to follow the procedures provided in G. L. c. 127, §§ 130 et seq., nor does he attack those procedures as unconstitutional. We decline, therefore, to disturb the board's actions.

*Judgment of dismissal affirmed.*

interest in future grant of parole, unless statute so provides). But see *id.* at 19-20 (Powell, J., concurring in part and dissenting in part), and *id.* at 26-29 (Marshall, J., dissenting in part). The individual characteristics of the Massachusetts statutory parole scheme do not give rise to a liberty interest under Federal law. *Commonwealth* v. *Hogan*, 17 Mass. App. Ct. 186, 190-192 (1983).

We have not decided whether, under art. 12 of the Massachusetts Declaration of Rights, prisoners seeking parole have a greater interest in various procedural protections than under Federal law. See *Lanier* v. *Massachusetts Parole Bd.*, 396 Mass. 1018, 1019 (1986) (noting lack of resolution of issue). However, the issue is not presented here. There is no indication in the complaint that Greenman ever sought written findings by the board, nor that Greenman ever objected before the board to what he now asserts is a lack of written procedures. Finally, although Greenman's complaint claims that his prior counsel was denied access to certain material that the board alleged was confidential, Greenman's appellate brief makes no mention of this issue.

Greenman's remaining constitutional arguments all rest on the assumption that the board's consideration of the seriousness and the "sexual aspects" of his crime is arbitrary, which the above discussion refutes. Therefore, we reject Greenman's arguments under the Federal and Massachusetts Constitutions.