■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GLADYS RENEE HOWARD, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Lipp, J.), rendered April 28, 1986, convicting her of burglary in the first degree, burglary in the second degree, robbery in the second degree (three counts), criminal possession of stolen property in the second degree, and grand larceny in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

At approximately 2:30 A.M. on the morning of August 14, 1985, the defendant, accompanied by her boyfriend, the codefendant Lacy Bostick, their landlady, Jennifer Woodson, and her boyfriend, the codefendant Robert Anderson, drove to the victim's home in Westbury, New York. While the defendant occupied the victim at the front door, the codefendants Anderson and Bostick entered the apartment from the rear. The codefendants bound the complainant with tape, and menaced and repeatedly beat her with a gun (see, *People v Anderson*, 146 AD2d 638; see also, *People v Bostick*, 151 AD2d 768). The defendant, who was admitted to the victim's apartment by her accomplices, helped them to steal the victim's valuables.

On appeal, the defendant contends that the verdict was against the weight of the evidence, and was the result of the court's improper refusal to sever her trial from that of her codefendants. She also submits that her sentence was excessive, particularly in view of the fact that since her incarcera-

tion she has been diagnosed as having AIDS. The defendant's contentions are without merit.

Viewing the evidence in the light most favorable to the People, we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (see, People v Contes, 60 NY2d 620, 621). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]). The record amply supports the jury's determination that the crime occurred as recounted by the People's witnesses, and was not the result of a conspiracy involving the defendants and orchestrated by the complainant in order to defraud her insurance company (cf., People v Kennedy, 47 NY2d 196). In addition to the statements of the codefendants Anderson and Bostick describing the defendant's participation in the crime, her guilt was proven by her own signed confession. When viewed in conjunction with the victim's account of the crime, the defendant's confession, which corroborated the victim's account in all essential respects, established her guilt (see, CPL 60.50; People v Ascheim, 120 AD2d 538). Additionally, only a few hours after the crime, the defendant was present at 31 Union Avenue, where the proceeds of the robbery were found. In both quality and quantity, therefore, the evidence adduced at trial was more than sufficient to establish the defendant's guilt (cf., People v Gentile, 127 AD2d 686).

At no time before this appeal did the defendant argue that a severance should be granted because she would be prejudiced by the fact that the evidence against her codefendants was much stronger than the evidence against herself, and therefore, this contention is unpreserved for appellate review (see, CPL 470.05 [2]; People v McDowell, 47 NY2d 858). In any event, the denial of her motion to sever was proper. Where, as here, "proof against the defendants is supplied by the same evidence, only the most cogent reasons warrant a severance" (People v Bornholdt, 33 NY2d 75, 87, cert denied sub nom. Victory v New York, 416 US 905). "Since the evidence against the defendant and [her codefendants] in this case was virtually identical, [there was] no error in the denial of the motion for separate trials" (People v Stuckey, 147 AD2d 724). In addition, since the codefendant Anderson testified at the trial, the defendant's rights to confrontation and cross-examination were not impaired (People v Stuckey, supra; cf., People v Boatman, 147 AD2d 912, 912-913).

It is well established that the fact that a criminal defendant is found to be suffering from AIDS "does not by itself warrant

the reduction of an otherwise appropriate sentence" *(People v Chrzanowski,* 147 AD2d 652, 653; *see also, People v Ford,* 143 AD2d 841, 842; *People v Brandow,* 139 AD2d 819). The trial court properly considered the appropriate sentencing principles as well as the facts of the defendant's case in imposing a term of imprisonment that was considerably less than the maximum *(see, People v Suitte,* 90 AD2d 80). Bracken, J. P., Kunzeman, Eiber and O'Brien, JJ., concur.