OPINION OF THE COURT
Stanley B. Katz, J.
This is a proceeding pursuant to CPLR article 78 to review *332 respondent’s determination denying petitioner’s application for parole.
Petitioner is an inmate at Otisville Correctional Facility. He is serving 22 concurrent sentences which together constitute an indeterminate sentence of 2 to 6 years. He was convicted on 22 criminal counts covering various instances of assault in the second degree, assault in the third degree, coercion in the first degree, attempted coercion in the first degree, criminal possession of a weapon in the fourth degree and official misconduct. Petitioner’s crimes were committed in 1985 while he was a sergeant in the New York City Police Department. He was serving then as a team leader in two special police department units organized to combat the sale of illegal drugs. In connection with his official duties, petitioner unlawfully used a "stun gun” on several occasions while questioning certain persons under arrest for selling illegal drugs. The gun inflicted immobilizing electric shocks and serious burns upon the victims, who were handcuffed at the time. Petitioner was subsequently dismissed from the police department.
Petitioner has been incarcerated since August 10, 1987. Some time during his incarceration, he received a "certificate of earned eligibility” when he successfully completed a special program established at the facility pursuant to Correction Law § 805. On August 4, 1989 petitioner became eligible to be paroled. After a hearing was concluded on May 10, 1989, the Parole Board of the Division of Parole denied petitioner’s application for parole. In its decision, the Board noted, among other things, that a crucial factor in its determination was the fact that petitioner was aware that he had violated the rights of the victims and yet continued to repeat the misconduct. The Board acknowledged that petitioner received a certificate of earned eligibility and that he had no prior criminal history. It concluded that, if released, petitioner would "not live at liberty without violating the law” and that his release would be "incompatible with the welfare of society”. The Appellate Board of the Division of Parole subsequently affirmed the decision.
Correction Law § 805 provides in relevant part that: "Notwithstanding any other provision of law, an inmate who is serving a sentence with a minimum term of not more than six years and who has been issued a certificate of earned eligibility, shall be granted parole release at the expiration of his minimum term * * * unless the board of parole determines that there is a reasonable probability that, if such inmate is *333 released, he will not live and remain at liberty without violating the law and that this release is not compatible with the welfare of society.” A decision denying parole under Correction Law § 805 is not subject to judicial review unless the Board failed to act in accordance with the statutory requirements or the decision was so irrational as to border on impropriety. (Matter of Russo v New York State Bd. of Parole, 50 NY2d 69; Matter of Harris v New York State Bd. of Parole, 114 AD2d 897; People ex rel. Yates v Walters, 111 AD2d 839; see, Correction Law § 805.)
Here, there is no ground to challenge the Parole Board’s finding that petitioner’s release would be incompatible with the welfare of society. Petitioner’s crimes were gravely serious and the Board did not give improper weight to the fact that they were committed in petitioner’s capacity as a police officer. However, notwithstanding the Board’s finding as to the welfare of society, petitioner is still entitled to parole under Correction Law § 805 unless the Board also finds that petitioner probably will violate the law if he is released. The Board’s finding as to petitioner’s probable criminality is irrational bordering on impropriety. Nothing in the record supports the finding. Although petitioner was guilty of repeated misconduct in the course of his official duties, his criminality at that time was not of such a nature that it is reasonably probable that petitioner will violate the law if he is released.
Accordingly, the petition is granted to the extent that the matter is remitted to respondent. Upon service of a copy of the judgment to be entered hereon, respondent shall immediately undertake further proceedings and shall forthwith release petitioner under appropriate parole supervision.