OPINION OF THE COURT
Howard Miller, J.
Petitioner brings this CPLR article 78 proceeding challenging the January 22, 1991 decision of the Parole Board, administratively affirmed by the Appeals Unit, February 1991, upon *147 the grounds that the reasons for denial of parole were nonspecific; that the Board failed to consider petitioner’s rehabilitation; and that the Board’s decision was arbitrary.
The Parole Board’s determination stating that parole was being denied based upon a crime committed while on parole, petitioner’s prior criminal record and the nature of the crimes committed, was a sufficient statement of reasons for denial of parole, notwithstanding petitioner’s exemplary institutional record and educational achievements (People ex rel. Thomas v Superintendent, 124 AD2d 848, lv denied 69 NY2d 611).
Under section 805 of the Correction Law, which was in effect at the time of petitioner’s parole hearing, an inmate serving a sentence with a minimum term of not more than six years who has been issued a certificate of earned eligibility "shall be granted parole release at the expiration of his minimum term * * * unless the board of parole determines that there is a reasonable probability that, if such inmate is released, he will not live and remain at liberty without violating the law and that his release is not compatible with the welfare of society.” The basis of the Parole Board’s decision was that petitioner’s past criminal record, and his violation of parole, gave rise to a "reasonable probability” that if released, petitioner would not remain at liberty without violating the law and that petitioner’s release was not compatible with the welfare of society. The Board determined that petitioner was to serve an additional 18 months with his next appearance date before the Board scheduled for August of 1992.
Pursuant to Executive Law § 259-i (5), a determination of the Board is "deemed a judicial function and shall not be reviewable if done in accordance with law” unless the determination is so irrational as to border on impropriety (Matter of Pike v New York State Div. of Parole, 148 Misc 2d 331; Matter of Russo v New York State Bd. of Parole, 50 NY2d 69). Petitioner argues that he is afflicted with acquired immune deficiency syndrome (AIDS) and his physical condition has so deteriorated that he no longer poses a threat to society; that the Board’s determination that he serve another 18 months was in effect a "death sentence.”
"It is well established that the fact that a criminal defendant is found to be suffering from AIDS 'does not by itself warrant the reduction of an otherwise appropriate sentence’ ” (People v Howard, 164 AD2d 895, 896-897); nevertheless courts *148 have taken this factor into consideration by imposing a term of imprisonment that was considerably less than the maximum (People v Howard, supra). Although petitioner raised his physical condition before the Board at the time of his hearing, it appears from a June 12, 1991 hospital discharge summary that petitioner’s health has severely deteriorated and petitioner now has severe peripheral neuropathy requiring him to use a wheelchair.
Here, there are no grounds to challenge that part of the Board’s finding that at the time of hearing petitioner’s release would be incompatible with the welfare of society; however, that portion of the Board’s decision delaying for another 18 months a review of petitioner’s application for parole is improper. At the present time it is well known that AIDS is a rapidly advancing disease with a 100% fatality rate; compel-» ling petitioner to wait 18 months for a further parole review is an irrational period of time in view of petitioner’s declining medical state.
Accordingly, the petition is granted to the extent that the matter is remitted to respondent. Upon service of a copy of this order with notice of entry, respondent shall immediately undertake further proceedings, at which time petitioner shall provide to respondent appropriate medical documentation to support petitioner’s medical claims.
Alvin Goldstein, Esq., of Chester, New York, is appointed to represent petitioner before the Parole Board on this remand.