Banks, J.
This is an action in tort commenced by the plaintiff upon a seven-count complaint which alleges payment of money under duress, assault and battery, false imprisonment, abuse of process, violations of the civil rights guaranteed the plaintiff under both state and federal law, and intentional infliction of emotional distress.
The matter is before this Division upon the plaintiffs appeal from the trial courf s allowance of the defendants’ Dist./Mun. Cts. R. Civ. P., Rule 12(b)(6) motions to dismiss the complaint for failure to state a claim upon which relief could be granted. Although defendant Nichols’ motion refers to an attached affidavit, such affidavit has not been reported to this Division as a matter outside of the pleadings which was considered by the trial court. See Bass River Lobsters, Inc. v. Smith, 7 Mass. App. Ct. 197, 202 (1979). The court’s dismissal order is treated, therefore, as a Rule 12 (b) (6) ruling, and appellate consideration is accordingly limited to the sufficiency of the contents of the complaint. Compare Cousineau v. Laramee, 388 Mass. 859, 860 n.2 (1983).
In his complaint, plaintiff Harold C. Coxall (“Coxall”) alleges the following facts: In January, 1990, defendant Kimberly G. Nichols (“Nichols”) was awarded a default judgment in the amount of $1,300.00 against Coxall, as defendant, in a small claims action brought in the Concord District Court.
In August, 1990, Nichols procured a capias for the arrest of Coxall, and placed the capias in the hands of defendant R. Scott Gonfrade (“Gonfrade”), a Deputy Sheriff of Middlesex County, for service.
Plaintiff Coxall first learned of the outstanding small claims judgment against him when he received a telephone call from defendant Gonfrade. Coxall thereafter filed a motion to vacate the judgment which was marked for hearing on December 4, 1990.
All of the parties were present in the Concord District Court on December 4, 1990. The plaintiff alleges that defendant Gonfrade was present in court at the special request of defendant Nichols. The events of that day, which form the basis of the plaintiffs claims, are set forth in the complaint as follows:
*147 11. The defendant Deputy Sheriff Gonfrade accosted the plaintiff in the courtroom, placed him in handcuffs, took him from the courtroom to the corridor, demanded $1,200.00from him, and threatened the plaintiff that he would go to jail for thirty days until the next Small Claims date if he did not pay it, all in public for bystanders to see and hear.
12. The defendant Gonfrade did not take the plaintiff before the judge for a speedy hearing or reman in attendance until excused by the judge, all as he was required by law to do, and he refused to permit the plaintiff to contact other court personnel or legal counsel for help; instead, he took the plaintiff, still in handcuffs, in Gonfrade’s car to the plaintiffs bank in Waltham; the plaintiff protested that he was not going into his bank in handcuffs and the defendant Gonfrade took them off; under all of that duress, the plaintiff withdrew$l,300.00fromthebankandgaveittothedefendantGonfrade(the plaintiff is informed and believes that Gonfrade paid the money over to the defendant Nichols); the defendant Gonfrade then released the plaintiff in Waltham (the plaintiff s car was still in Concord and the plaintiff had to have someone drive him there to retrieve it); the defendant Gonfrade had held the plaintiff prisoner for a total of one and one-half hours. The warrant was never returned to court as required by law.
13. Meanwhile, the clerk of court called the plaintiffs motion to vacate judgmentfor hearing; the plaintiff is informed and believes that the clerk did not know that the plaintiff had been in the courthouse and in custody, first in the corridor and then in transit to Waltham; the plaintiff could not answer the call or present his motion; the clerk noted that neither party was present and the plaintiff s motion to have his day in court was denied.
Upon this statement of facts in his complaint, plaintiff Coxall claims damages for money paid under duress, assault and battery, false imprisonment, abuse of process, violations of the state and federal civil rights acts (deprivation of the right of a debtor in custody to a speedy hearing and of the plaintiffs right to a hearing on his motion to vacate judgment) and willful infliction of mental and emotional distress. The counts were brought against both defendant Gonfrade and defendant Nichols upon the further allegation that Gonfrade acted as Nichols’ agent and/or Nichols conspired in the actions of Gonfrade.
Given the extensive recitation of facts in the plaintiffs complaint, and the trial court s dismissal of all seven counts of such complaint in favor of both defendants and without leave to amend, we conclude that the court’s dismissal order was based on a legal ruling as to Gonfrade’s immunity from suit rather than on an assessment of the factual or technical insufficiency of the plaintiffs allegations. With respect to the latter, the general rule is that a plaintiff is not required under Dist./Mun. Cts. R. Civ. P., Rule 8 to allege each and eveiy element of his claims for relief with completeness and precision, or to delineate correctly the legal theories he is advancing. Ahern v. Warner, 16 Mass. App. Ct. 223, 226 n.2 (1983). For this reason, a complaint will survive the “minimal hurdle” of a Rule 12(b) (6) dismissal motion, Gennani v. City of Revere, 23 Mass. App. Ct. 979 (1987), unless it appears beyond any doubt that the plaintiff could prove no set of facts in support of his claims which would entitle him to any form of relief on any legal theory. McCone v. New England Tel. & Tel. Co., 393 Mass. 231, 232 (1984); Santana v. Registrars of Voters of Worcester, 384 Mass. 487, 491 (1981).
It appears that the court’s allowance of the defendants’ dismissal motions was instead based on the plaintiff s admission that defendant Gonfrade was in possession of a valid warrant for the arrest of the plaintiff, and the court’s conclusion that such warrant both rendered Gonfrade immune from suit for conduct which would have *148 otherwise been actionable and absolved Nichols of any liability as principal or coconspirator. In any event, the present appeal has been argued to this Division upon the question of immunity.
It is certainly true that defendant Gonfrade, as a Deputy Sheriff of Middlesex County, was authorized under G.L.c. 37, §11 and G.L.c. 224, §23 to serve precepts, including the capias in question. It is equally true that while acting in his official capacity and under lawful court order, Gonfrade is shielded from “the harassment and inevitable hazards of vindictive or ill-founded damage suits brought on account of action taken in the exercise of [his] official responsibilities.” Gildea v. Ellershaw, 363 Mass. 800, 817 (1973), quoting from Barr v. Matteo, 360 U.S. 564, 571-572. The difficulty for the defendants in this matter is that the plaintiff has alleged facts which show that Gonfrade strayed far from the limits of the process under which he purported to act. For Rule 12 (b) (6) purposes, the plaintiffs allegations must be accepted as true, and all inferences to be drawn must be in the plaintiff's favor. Leone v. Security Ins. Co. of Hartford, 14 Mass. App. Ct. 1026 (1982).
The capias held by defendant Gonfrade authorized and required him to arrest the plaintiff and to present the plaintiff before the Supplementary Process session of the Concord District Court which is held on the first Tuesday of each month. On December 4,1990, that first Tuesday, the plaintiff alleges that he was already in the propel courtroom and prepared to submit himself to the court. At that point, the requirements of the capias had been met, excepting only the necessity of insuring that the plaintiff did not leave the courtroom. Because the plaintiff had appeared in the courtroom voluntarily, it is highly probable that the satisfaction of the purposes of the capias required no action whatsoever on the part of defendant Gonfrade other than to make known to the court that the capias was returned.
What Gonfrade is then alleged to have done amounts not merely to a practical or reasonable enlargement of his authority in this matter, butto aflat contradiction of the terms of that authority. Instead of bringing the plaintiff before the court as required by the capias, Gonfrade removed the plaintiff from the courtroom by force, and literally transported him elsewhere under duress. No immunity could attend such a flagrant violation of the terms of authority as is here alleged.
An officer, having a valid writ, if he does not pursue the authority given him by his writ, and the rules of law in the execution of his duties under it, is a trespasser in the same manner as if he had no writ.... This proceeds on the ground that the writ affords him a definite and limited authority only, regulated by law; and the legal justification of his acts is coextensive with his legal authority, and he has no protection when acting beyond the scope of that authority. The authority is given upon this restriction and condition, that it shall not be abused or exceeded, or colorably used to effect an unlawful purpose. To accomplish this the rule is well established that where an authority given by law is exceeded, the party loses the benefit of his jurisdiction and the lawholds him a trespasser ab initio, although to acertain extent he followed the authority given.
Isley v. Nichols, 12 Pick. (29 Mass.) 269, 276 (1831). See also, Wood v. Graves, 144 Mass. 365, 367 (1887); RESTATEMENT (SECOND) OFTORTS, §136, comment d (1965).
It is apparent from the facts alleged by the plaintiff that, at least from the time defendant Gonfrade removed the plaintiff from the courtroom, he was acting not in conformity with the capias he carried, but as a debt collector serving his own purposes and/or those of defendant Nichols. The defendant argues, somewhat plaintively, that the practical purpose of the capias was to achieve satisfaction of the judgment. And so it was. But the law provides for an orderly process to achieve that end. See G.L.c. 224, §23. The sort of self-help here alleged is not available to the judgment creditor. *149 Isley v. Nichols, supra at 276-277.
The defendants have consistently maintained that, contrary to the plaintiffs allegations, the parties’ interaction was essentially a voluntary arrangement undertaken virtually as an accommodation to the plaintiff. We are fully aware that many judgment collection matters are voluntarily settled along the lines of the scenario suggested by the defendants. The true nature of the events in question is, however, a matter to be determined at trial. There is, on the face of the complaint, no basis for a dismissal of the plaintifPs action on the grounds of the defendant's immunity from suit.
The allowance of the defendants’ Dist./Mun. Cts. R Civ. P., Rule 12 (b) (6) motions to dismiss is hereby reversed, and the case is returned to the Waltham Division for trial. So ordered.