■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE E. TORRES RENTAS, Appellant. [598 NYS2d 206] —Judgment, Supreme Court, New York County (Edward McLaughlin, J.), rendered September 6, 1989, convicting defendant, upon his plea of guilty, of criminal sale of a controlled substance in the second degree and sentencing him to a term of 8 years to life, and order of the same court and Justice, entered June 22, 1992, denying defendant's CPL article 440 motion to vacate said judgment, unanimously affirmed.

At the plea proceeding, defendant made a full waiver of his rights, acknowledged that he was pleading guilty knowingly and voluntarily in order to receive a more lenient sentence, and allocuted to the facts of the offense. At sentencing, defendant expressed a change of mind as to the length of the term. The court found that defendant had pleaded guilty knowingly and voluntarily, rejected defendant's contentions, and, upon the People's refusal to consent to a modified sentence, the court refused to set aside the agreement. In a post-judgment motion, defendant further claimed that he was now HIV positive. He contended that this was a basis to vacate judgment, insofar as it manifested a "mistake of fact" and that he never would have agreed to the People's offer had he known such at the time of the plea proceeding; he also contended that this was a basis to reduce the sentence.

We find no basis to disturb the determination of the sen-

tencing court that there was no legal basis to void the plea agreement, nor do we find that defendant's HIV status required a different result *(People v Howard,* 164 AD2d 895, 896-897, *lv denied* 76 NY2d 940). We reject defendant's contention that the court failed to perceive its authority to set aside the plea agreement. Rather, when the People declined to consent to a reduced sentence (CPL 220.10 [3], [4]), the court found the agreed-upon sentence to be appropriate and defendant has not demonstrated a basis for vacatur or re-sentencing either under CPL 440.10 or 440.20. Nor do we find the sentence excessive. Concur—Sullivan, J. P., Carro, Ellerin and Wallach, JJ.