■ The People of the State of New York, Respondent, v Todd Branham, Appellant. [616 NYS2d 968] —Judgment, Supreme Court, New York County (Joan Sudolnik, J.), rendered September 11, 1992, which convicted defendant, after a jury trial, of robbery in the second degree and sentenced him, as a persistent violent felony offender, to a term of 8 years to life, unanimously affirmed.

Defendant's contention that his sentence is excessive and that it constitutes cruel and unusual punishment is unpreserved for this Court's review *(People v Ingram,* 67 NY2d 897, 899) and we decline to reach it in the interest of justice. Were we to review defendant's claim, we would find that defendant's HIV positive status does not render his sentence, which is the minimum permitted by statute, unconstitutional or excessive and that therefore a different result is not warranted *(People v Howard,* 164 AD2d 895, 896-897, *lv denied* 76 NY2d 940; *People v Rentas,* 193 AD2d 565, *lv denied* 82 NY2d 725). Nor did defendant preserve his many claims regarding the trial court's denial of his *Clayton* motion, most notably that the court failed to hold a hearing and put its findings on the record. In any event, defendant's contentions are without merit. Defendant failed to demonstrate any compelling facts to show that his case " ' " 'crie[d] out for fundamental justice beyond the confines of conventional considerations' " ' " war-

ranting a hearing *(People v Canosa,* 194 AD2d 392, *lv denied* 82 NY2d 715).* Moreover, the trial court was not obligated to make a detailed enumeration of the various relevant statutory factors in making its determination *(People v Macy,* 100 AD2d 557),* particularly where the court was "reviewing" defendant's application previously denied by another Justice prior to this trial. Concur—Rosenberger, J. P., Wallach, Asch and Tom, JJ.