Murphy, Ernest B., J.
The Plaintiff, Richard Cepulonis (“Cepulonis”), is in the custody of the Massachusetts Department of Correction (the “Department”) pursuant to ten sentences from three Superior Courts that, in the aggregate, total sixfy-one to eighty-seven years. Cepulonis filed, Pro Se, a Petition for a Writ of Habeas Corpus with this Court asserting that he is entitled to have the sentences that he has completely served removed from his inmate sentencing listing form.
However, he does not assert that he is entitled to be released from the custody of the Defendant, Kathleen M. Dennehy (“Dennehy”), Commissioner of Correction (the “Commissioner”). Dennehy contends that Cepulonis’ Complaint should be dismissed pursuant to Mass.R.Civ.P. 12(b)(6) on the grounds that it fails to state a claim upon which relief can be granted. In the alternative, the Commissioner argues that she is entitled to summary judgment should this Court treat the case as one seeking declaratory or injunctive relief. The Plaintiff has cross-moved for summary judgment. For the reasons set forth below, I conclude that: (1) habeas corpus is not available to Cepulonis; (2) Cepulonis’ Complaint will be treated as a request for declaratory judgment; and (3) the Commissioner’s motion for judgment on the pleadings is ALLOWED and the Plaintiffs cross motion for summary judgment is DENIED.

BACKGROUND

Cepulonis’ first sentence began on November 9, 1972 and the current projected date on which he will discharge from all sentences is September 22, 2034. He is eligible for parole on April 27, 2008. Cepulonis filed a Petition for a Writ of Habeas Corpus and demanded that all sentences which he has “fully served” be removed from his inmate sentence listings form. Cepulonis argues that he is entitled to have the “served” sentences removed from his inmate sentence listings form so that they will not be seen by the parole board at his April 27, 2008 hearing. He has asked this Court to issue an order in response to his Petition For Writ of Habeas Corpus or, in the alternative, to consider his Writ as a complaint for declaratory or injunctive relief. I turn first to a review of Cepulonis’ sentencing history.
According to the record of the Department, the following sentences have been imposed on Cepulonis:
1. Armed Robbery, WOCR 54658, 10-20 years, imposed on 11/9/72;
2. Armed Robbery, WOCR 54659, 10-20 years, imposed on 11/9/72;
3. Escape, NOCR 58628, 1 year-1 year, 1 day, imposed on 2/2/75;
4. Armed Robbery, WOCR 60507, 8-12 years, imposed on 7/2/75, from and after #1;
5. Possession of a Dangerous Weapon, MICR 109083, 40-50 years, imposed on 5/24/76, from and after #4;
6. Armed Assault, MICR 109084, 18-20 years, imposed on 5/24/76, from and after #4;
7. Armed Assault, MICR 109085, 18-20 years, imposed on 5/24/76, from and after #4;
8. Assault and Battery With a Dangerous Weapon, MICR 109807, 8-10 years, imposed on 5/24/76, from and after #4;
9. Theft of a Vehicle, MICR 109808, 8-10 years, imposed on 5/24/76, from and after #4; and
10. Escape, MICR 1996-1987, 3-5 years, imposed on 7/17/98, from and after #5.
*126 Cepulonis’ period of incarceration is calculated by adding sentences #1, #4, #5, and #10.
The other sentences are all concurrent with and equal to, or lesser than, each of those four sentences. Sentences #1 (10 to 20 years), #4 (8 to 12 years), #5 (40 to 50 years), and #10 (3 to 5 years), when aggregated, have a total minimum term of 61 years and a total maximum term of 87 years. These four sentences must be considered because Sentence #10 is consecutive to Sentence #5, which is consecutive to Sentence #4, which is consecutive to Sentence #1.
For purposes of determining Cepulonis’ discharge, Sentences # 1, #4, and #5 are entitled to statutory good time because the crimes for each of those respective sentences were committed prior to the July 1, 1994 effective date of the repeal of G.L.c. 127, §129, which had established good time. However, Sentence #10, which was committed during a term of incarceration, is precluded from receiving statutory good time. For the 20-year maximum term for Sentence #1, Cepulonis received 3,000 days of statutory good time. For the 12-year maximum term of Sentence #4, he received 1,800 days of statutory good time. For the 50-year maximum term of Sentence #5, he received 7,500 days of statutory good time. Therefore, for Sentences #1, #4, and #5, which have an aggregate maximum term of 82 years, Cepulonis receives 12,300 days of statutory good time. However, Cepulonis forfeited 150 days of his statutory good time for disciplinary offenses during his 23 years of incarceration served since November of 1972. In addition, he did not serve 3,674 days of this time because he escaped twice.
To calculate Cepulonis’ discharge date, the Department adds the maximum terms of 87 years to the November 9, 1972 effective date of his first sentence. This yields an original maximum discharge date of November 8, 2059. From that original maximum discharge date, the Department deducts the aforementioned 12,300 days of statutory good time to reach an original good conduct discharge (“GCD”) date of March 26, 2026. Then, the aforementioned 3,674 days of dead time that Cepulonis created while on escape is added to the GCD date, resulting in a revised GCD date of March 27, 2036. From the revised GCD date of March 27, 2036, the Department adds 150 days of statutory good time forfeited for disciplinary offenses and deducts 702 days of good time that Cepulonis earned pursuant to G.L.c. 127, § 129D, to arrive at an adjusted GCD date of September 22, 2034.
Cepulonis’ parole eligibility is calculated by looking at the minimum terms for the same four sentences. The minimum terms for sentences # 1, #4, #5, and #10 are, respectively, 10 years, 8 years, 40 years, and 3 years. Parole eligibility for sentences to the state prison is established by statute. G.L.c. 127, §133, as amended by St. 1986, c. 486. For crimes, such as those at issue in the present case, which were committed prior to July 1, 1994, an inmate is eligible for parole at one-third of the minimum term unless the crime was listed in G.L.c. 127, §133 or unless the crime was committed while on parole. Of the four relevant sentences in this case, each of the crimes is an offense for which parole eligibility is set by G.L.c. 127, §133 at two-thirds of the minimum term, with the exception of Sentence #5 for Possession of a Dangerous Weapon.
Therefore, the parole eligibility period for Cepulonis is determined by calculating two-thirds of 10 years (Sentence #1) plus two-thirds of 8 years (Sentence #4) plus one-third of 40 years (Sentence #5) plus two-third of 3 years (Sentence #10). The result is 27 years and 4 months. Adding 27 years and 4 months to the November 9, 1972 sentence effective date of Cepulonis’ first sentence creates an original parole eligibility date of March 8, 2000. The 3,674 days of dead time resulting from his two escapes is then added to his original parole eligibility date. This revised parole eligibility date is March 30, 2010. The Plaintiffs revised parole eligibility date is then reduced by his 702 days of earned good time, resulting in an adjusted parole eligibility date of April 27, 2008. The papers submitted by the parties show that the Department’s calculations are correct.

DISCUSSION

I. Habeas Corpus Vel Non

A prisoner who can show an entitlement to immediate release can invoke a court’s discretionary power, under G.L.c. 248, § 25, to issue a writ ofhabeas corpus. Hennessy v. Superintendent, Massachusetts Correctional Inst. 386 Mass. 848, 850-51 (1982). However, “when a prisoner [is] not entitled to a claim for a writ of habeas corpus, he [can] still avail himself of the declaratory judgment procedures set out in G.L.c. 231A to resolve a controversy which [arises] concerning the execution of his sentence.” Hennessy, 386 Mass. at 851, citing Pina v. Superintendent, Massachusetts Correctional Inst., 376 Mass. 659, 665-66 (1978). In the present case, Cepulonis has failed to state a claim for a writ ofhabeas corpus. His petition does not show that he is entitled to be released from restraint by the Commissioner. Cepulonis is entitled to a judicial declaration of his rights against the Commissioner, but he is not entitled to immediate release. Therefore, his petition will be treated as a motion for declaratory judgment. I turn now to the substantive issue concerning the removal of those sentences Cepulonis contends are “fully served.”
II. Cepulonis’ Request to Have “Served” Sentences Removed From His Inmate Sentencing Form
General Laws Chapter 127, §135 addresses the information and records that must be furnished to the parole board for their consideration. The Statute states, in pertinent part:
*127 The commissioner . . . shall furnish to the parole board all information in [her] possession relating to any prisoner whose case is under consideration. As each prisoner is received ... it shall be the duty of the commissioner ... to cause to be obtained and filed information as complete as may be obtainable at that time with regard to such prisoner. Such information shall include a complete statement of the crime for which he is then sentenced, the circumstances of such crime, the nature of his sentence, the court in which he was sentenced, the name of the judge and district attorney ... as well as reports as to the prisoner’s social, physical, mental and psychiatric condition and history . . . When all such existing available records have been assembled, they shall be made available to the parole board so as to be readily accessible when parole or pardon of such prisoner is being considered.
G.L.c. 127, § 135 (emphasis added).
Under G.L.c. 127, § 135, the parole board must be provided with Cepulonis’ entire sentencing record, including information on those sentences that the Plaintiff contends have been “fully served.” See Greenman v. Massachusetts Parole Board, 405 Mass. 384, 386-87 (1989). As discussed above, Cepulonis’ sentences and his parole eligibility date have been correctly calculated by the Department. All information on all of Cepulonis’ sentences must be provided to the parole board as part of Cepulonis’ anticipated April 27, 2008 hearing. Therefore, for the foregoing reasons, the Commissioner’s motion for summary judgment is ALLOWED.

ORDER

For the foregoing reasons, it is therefore ORDERED that the Defendant’s, Kathleen M. Dennehy, Commissioner of Correction, motion for summary judgment is ALLOWED.