THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISRAEL GARCIA, Also Known as ISRAEL G. RODRIGUEZ, Appellant.

Defendant's challenge to the adequacy of the plea allocution was not raised before Criminal Term by either a motion to vacate the plea or a motion to set aside the judgment of conviction and, accordingly, has not been preserved for review as a matter of law (*People v Pellegrino,* 60 NY2d 636). Nor does the interest of justice warrant review, since the minutes indicate that the plea was entered freely, knowingly and voluntarily (*People v Harris,* 61 NY2d 9; *People v Nixon,* 21 NY2d 338, *cert denied sub nom. Robinson v New York,* 393 US 1067). Further, under the circumstances, the sentence which was imposed in accordance with the terms of the plea agreement was not inappropriate. Gibbons, J. P., Weinstein, Brown and Niehoff, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHARON GRAHAM, Appellant.

We note that the issues raised by defendant concerning her plea of guilty were not presented to the court of first instance in a motion to withdraw the plea or by way of a motion to vacate the judgment. Accordingly, those issues have not been preserved for review (*see, People v Pellegrino,* 60 NY2d 636; *People v Willie,* 101 AD2d 819). However, we have considered the issues and find no basis for the exercise of our interest of justice jurisdiction.

Regarding defendant's sentence, which she claims is excessive, she pleaded guilty with the understanding that she would receive the sentence which was thereafter actually imposed. On this record, defendant has no basis to now complain that her sentence was excessive. Lazer, J. P., Gibbons, Thompson and Niehoff, JJ., concur.