■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v CARLOS RIVERA, Respondent.—Appeal by the People from an order of the Supreme Court, Kings County (Corriero, J.), entered May 30, 1985, which granted the defendant's motion pursuant to CPL 440.20 to set aside a sentence imposed by the same court on June 10, 1981, upon the defendant's conviction of the crime of criminal possession of a weapon in the third degree, and thereupon imposed a term of five years' probation.

Order reversed, on the law and the facts, motion denied, sentence reinstated, and matter remitted to the Supreme Court, Kings County, which shall, upon at least two days' notice to the defendant, direct him to surrender himself to that court in order that execution of the sentence imposed June 10, 1981 be commenced or resumed (cf. CPL 460.50 [5]).

The defendant was convicted, upon a jury verdict, of criminal possession of a weapon in the third degree and was sentenced on June 10, 1981 (Schwartzwald, J.), as a second felony offender, to an indeterminate term of 2 to 4 years. After an extensive appeal history, this matter was remitted to the Supreme Court, Kings County, in order that execution of the sentence might commence or resume. The defendant then moved to set aside the sentence upon the ground that the imposition of a mandatory indeterminate term of imprisonment, pursuant to Penal Law § 70.06, would constitute cruel and unusual punishment as applied to him (US Const 8th Amend; NY Const, art I, § 5). The sentencing court, acknowledging the existence of certain mitigating factors in the defendant's particular history, granted the motion and sentenced him to five years' probation. On this appeal, the People contend that the imposition of a mandatory indeterminate term of imprisonment is required pursuant to Penal Law § 70.06 and would not be unconstitutional as applied to this defendant.

While we are sympathetic to the defendant's arguments that the imposition of a mandatory sentence, pursuant to

Penal Law § 70.06, is harsh under the circumstances herein, we do not believe this to be that "rare case" which would warrant the conclusion that such a sentence would be unconstitutional as applied to this particular defendant *(see, People v Broadie,* 37 NY2d 100, 119, *cert denied* 423 US 950). Therefore, we vacate the sentence and remit the matter for resentencing. Thompson, J. P., Bracken, Weinstein and Kunzeman, JJ., concur.