■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC PARKER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldman, J.), rendered April 28, 1986, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant is diagnosed as suffering from acquired immune deficiency syndrome (hereinafter AIDS). He argues that notwithstanding his complaints that he had a fever, that he was vomiting, that he had diarrhea and that a doctor at the

jail's medical facilities submitted a report to the court that he was fit for trial without examining him, the Trial Judge failed to order an examination of his competency to stand trial in derogation of his constitutional right to due process.

It cannot be said that the Trial Judge abused his discretion, as a. matter of law, in denying the defendant's request for an adjournment. On April 1, 1986, a physician at the Department of Correction medical facilities at Rikers Island reported to the court that the defendant was medically fit to be produced in court although the defendant "did not feel himself fit to appear". The Trial Judge had an opportunity to observe the defendant's appearance and demeanor at that time and the record is totally bereft of any indication that the defendant was not able to comprehend the proceedings fully or to consult with his attorney *(see, People v Harris,* 109 AD2d 351, *lv denied* 66 NY2d 919).

The defendant further contends that he was denied his right to a fair trial because the Trial Judge kept him out of the courtroom while the Judge spoke to potential jurors about his AIDS condition. CPL 260.20 provides that "[a] defendant must be personally present during the trial of an indictment". A defendant has a fundamental due process right to be present at all material stages of a trial *(People v Ciaccio,* 47 NY2d 431). "[W]hether the mandate requiring the presence of a defendant at the trial of his indictment stems from due process or statute, literal application of its directive is not demanded. Common sense dictates that substantial performance of its terms is sufficient" *(People v Mullen,* 44 NY2d 1, 5). Here, defense counsel and the prosecutor were present when the Trial Judge spoke to the prospective jurors about the defendant's AIDS condition. It is clear that the defendant's absence during the court's inquiry to ascertain whether the defendant's condition would have an effect on the potential jurors, before the actual jury selection had begun, did not deprive him of his statutory or due process right to be present during trial. Under the circumstances present here, the court's comments did not constitute a material part of the trial and the defendant's absence had no effect on his opportunity to defend against the charges brought against him *(see, People v Mullen, supra).*

The defendant's further contention that the Trial Judge improperly allowed the prosecutor to cross-examine him about his prior possession of an imitation pistol has no merit. " '[T]he exclusion of prior convictions is largely, if not completely, a matter of discretion which rests with the trial courts

and fact-reviewing intermediate appellate courts' " *(People v Mackey,* 49 NY2d 274, 281). It cannot be said that the Judge's ruling in this case constituted a clear abuse of discretion that would warrant reversal.

The defendant also claims that the prosecutor improperly sought to impeach his credibility by the use of his postarrest silence in violation of his privilege against self-incrimination. Although the prosecutor may have improperly asked the defendant whether he refused to give information at an interview to determine his eligibility for bail "even though if [he] had given this information about [his] job it might have helped [him] out", in view of the fact that the Trial Judge sustained defense counsel's objection and the strong evidence of the defendant's guilt in this case, there is no reason to assume that the verdict was affected by the challenged cross-examination *(see, People v Crimmins,* 36 NY2d 230).

Finally, we perceive neither a failure to observe sentencing principles nor a need to impose a different view of discretion from that of the sentencing Judge *(see, People v Suitte,* 90 AD2d 80, 86). Any further contention by the defendant was not preserved for appellate review *(see, People v Thomas,* 50 NY2d 467). Thompson, J. P., Bracken, Brown and Eiber, JJ., concur.