■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARLON BRANDOW, Appellant.—Mercure, J. Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered July 2, 1987, which revoked defendant's probation and imposed a sentence of imprisonment.

In March 1986, defendant was sentenced to 6 months in jail and 5 years' probation following his conviction for burglary in the third degree. In April 1987, defendant was charged with having violated the terms and conditions of probation by failing to report to his probation officer; failing to remain within the jurisdiction of the court; failing to notify his probation officer of changes in his address and employment; and committing the subsequent offense of petit larceny. After a negotiated plea, defendant was resentenced to an indeterminate term of 1⅓ to 4 years' imprisonment.

The sole contention on appeal is that the sentence was unduly harsh. We disagree. Defendant pleaded guilty with the understanding that he would receive the sentence which was thereafter actually imposed *(see, People v Graham,* 110 AD2d 715). Additionally, the record confirms that defendant has a lengthy prior criminal history and that he did not take advantage of the opportunties which probation provided to him. That he has a history of drug and alcohol abuse does not excuse his disregard for his probation obligations. Nor are we persuaded that defendant's unfortunate affliction with acquired immune deficiency syndrome (AIDS) is an extraordinary circumstance warranting interference with the sentence imposed. In our view, County Court did not abuse its discretion by imposing a sentence within the statutory guidelines *(see, People v Donato,* 112 AD2d 535; *People v Jones,* 85 AD2d 50).

Judgment affirmed. Kane, J. P., Casey, Levine, Harvey and Mercure, JJ., concur.