OPINION OF THE COURT
Arthur J. Cooperman, J.
Defendant stands convicted after a jury trial of robbery in the first degree, robbery in the second degree, attempted robbery in the first degree and attempted robbery in the second degree.
On January 7, 1986, the date originally set for the imposition of sentence, defense counsel moved pursuant to CPL 460.50 for a stay of the execution of the sentence pending the *437 determination of an appeal of the instant conviction. The court imposed the minimum sentence authorized by law of an indeterminate term of imprisonment of no less than 2 and no more than 6 years for the top count of the indictment and stayed the execution thereof upon defendant’s application.
The court found that in view of the strongly contested issue of identification, the defendant’s lack of previous convictions, other than a youthful offender adjudication, his stable living arrangements evincing a satisfactory tie to the community at the time, his expressed desire to continue his schooling and his demonstrated history of reliability in appearing in court, a stay of the execution of the sentence was appropriate pending the outcome of his appeal.
Defendant’s conviction was affirmed by the Appellate Division, Second Department, on November 2, 1987 and the case was remanded to the trial court for execution of the sentence.
The matter was adjourned with the consent of the People and the court in order to allow defendant to explore whether any alternative was possible other than the execution of sentence of incarceration imposed by this court more than two years ago.
He now moves pursuant to CPL 440.20 to have the sentencing provisions of Penal Law § 70.00 declared unconstitutional as applied to him. The People take no position with respect to the motion but request, should the court grant defendant’s motion, that a sentence of probation be conditioned upon defendant staying out of trouble and not being rearrested or violating probation in any way.
The Eighth Amendment prohibition against cruel and unusual punishment has been incorporated into the Constitution of almost every American jurisdiction through the Fourteenth Amendment (Robinson v California, 370 US 660; 36 NYU L Rev 846).
The court recognizes that the Legislature has latitude in determining which ills of society require criminal sanctions, and in imposing, as it reasonably views them, punishments, even mandatory ones, appropriate to each (People v Broadie, 37 NY2d 100).
Justice McKenna, speaking for the Supreme Court in Weems v United States (217 US 349), undertook an exhaustive analysis of the Eighth Amendment. He concluded that the cruel and unusual punishment clause covers disproportionate penalties as well as those objectionable in kind.
*438 However, notwithstanding the power of the Legislature to make laws, it is inherent in the judicial branch of government to determine whether the Legislature has contravened a constitutional prohibition. The court in Weems said in that respect and for that purpose "the legislative power is brought to the judgment of a power superior to it for the instant” (Weems v United States, supra, at 378-379).
In Furman v Georgia (408 US 238, 282) the court enunciated the test under which a court may determine that a punishment is "cruel and unusual” as follows: "If a punishment is unusually severe, if there is a strong probability that it is inflicted arbitrarily, if it is substantially rejected by contemporary society, and if there is no reason to believe that it serves any penal purpose more effectively than some less severe punishment, then the continued infliction of that punishment violates the command of the [Eighth Amendment].”
Although ordinarily reserved for the imposition of capital punishment or barbaric and inhumane treatment of prisoners, the prohibition against cruel and unusual punishment has been found by the Court of Appeals to be applicable to New York’s drug laws (see, People v Broadie, supra).
That court, having rejected such application in Broadie, nonetheless said (People v Broadie, supra, at 119), "This is not to say that in some rare case on its particular facts it may not be found that the statutes have been unconstitutionally applied”.
Several lower courts have reasoned that this dictum gives them the authority to impose probationary sentences in the face of mandatory imprisonment requirements in drug cases.
Rejecting a subjective analysis, the Court of Appeals set forth objective standards to determine whether punishments are constitutionally disproportionate.
"The gravity of the offense is obviously key, as is the gravity of the danger which the offender poses to society. Given grave offenses committed or committable by dangerous offenders, the penological purposes of the sentencing statutes, whether they be the rehabilitation or isolation of offenders or the deterrence of potential offenders, will be decisive” (People v Broadie, supra, at 112).
There appears to be no reported case that has applied the cruel and unusual punishment analysis or considered the disproportionality of the mandatory imprisonment statute to the crime of robbery in the first degree in a particular case.
*439 However, it is clear that the highest courts in this country and State have not precluded a trial court from finding a particular punishment cruel and unusual in any given case.
The court is faced here with a defendant who has been convicted of crimes involving the robbery of a jacket and a small amount of currency. Defendant was identified from a photograph by the two complainants who were alleged to have seen him for a period of 5-to-10 minutes during the commission of the crime at approximately 8:30 p.m. on December 11, 1984. Defendant presented four alibi witnesses who were apparently disbelieved by the jury.
The Legislature, in requiring mandatory incarceration for a conviction of robbery in the first degree, recognized the gravity of the offense and the need for punishment.
However, under the unique set of circumstances as they present themselves in the instant case, the court must assess the proportionality of the punishment to the crime and to this particular defendant.
Although a grave offense has been committed, fortunately the loss to complainants was minimal and no one was harmed. Therefore, the punitive aspect of incarceration is not as compelling here as in a case where injury was inflicted or the loss was great.
A second consideration for the court is the character of the offender and the gravity of the threat he poses to society.
Defendant is presently completing his sophomore year at Southwestern Christian College in Terrell, Texas. Subsequent to his conviction he graduated from high school and, as asserted by counsel, became a member of "Who’s Who of High School Students.” He presently participates in a choral group which performs around the country under the auspices of the college.
Annexed to the moving papers are letters from fellow members of the Queens Church of Christ, including a police officer, minister and the couple with whom he resides when in New York, who attest to defendant’s fine character, benevolence and potential to remain a productive member of society. In this regard, the likelihood that defendant poses no further threat to the public is strong.
Upon granting a stay of execution of his sentence pending appeal, this court imposed various conditions. Defendant conducted himself in conformance thereto.
Under the circumstances, the purposes of punishment — de *440 terrence, isolation, retribution and rehabilitation — will not best be served by incarceration in the instant case.
There is every indication that defendant is well on the road to rehabilitation and will complete his education in religious studies and business administration.
Mandatory incarceration will not deter further criminal behavior because defendant has resolved to conduct himself within societal norms. Isolation will not serve to protect the public because defendant has obviously taken control of his life and has struggled to conform and has successfully improved his stature in the community.
The threat of incarceration for this defendant during the pendency of this case has adequately served the ends of retribution.
Therefore, in the instant matter, the court finds that the sentencing statute’s purpose of retribution and deterrence should be balanced and yield to the sentencing goal of rehabilitation of the individual (see, People v Oliver, 1 NY2d 152).
To apply a statutorily mandated term of imprisonment under these circumstances would constitute cruel and unusual punishment.
Accordingly, defendant’s motion to set aside his sentence as a violation of his constitutional right against cruel and unusual punishment is granted without opposition.
The defendant shall present himself for sentencing in accordance herewith on June 2,1988.