■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK FORD, Appellant.—Appeal by the defendant from a judgment of the County Court, Orange County (Cowhey, J.), rendered October 3, 1983, as amended by a judgment of the same court (Byrne, J.), rendered August 25, 1988, convicting him of burglary in the second degree and petit larceny, upon a jury verdict, and imposing sentence.

Ordered that the judgment as amended is affirmed.

The defendant contends that he was denied his constitutional right to represent himself. The exercise of this right requires an unequivocal request to proceed *pro se (People v Sawyer,* 57 NY2d 12, 21, *cert denied* 459 US 1178; *People v McIntyre,* 36 NY2d 10, 17) which was lacking in this case. The record indicates that the defendant wanted an attorney to represent him but also wanted to make additional motions which his assigned counsel apparently thought were inappropriate. Under these circumstances the trial court acted properly in denying his requests to proceed *pro se.* Although a trial court may appoint counsel to assist a *pro se* defendant, a defendant has no constitutional right to a hybrid form of representation *(People v Garcia,* 69 NY2d 903, *rearg denied* 70 NY2d 694; *People v Mirenda,* 57 NY2d 261). Since the defendant at bar made no request for standby counsel at the trial, no error was committed.

Finally, the defendant's possible affliction with acquired immune deficiency syndrome, in and of itself, does not warrant reducing the otherwise appropriate sentence *(see, People v Napolitano,* 138 AD2d 414; *People v Parker,* 132 AD2d 629, *appeal dismissed* 71 NY2d 887; *People v Brandow,* 139 AD2d 819). Mangano, J. P., Weinstein, Kooper and Balletta, JJ., concur.