■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL CHRZANOWSKI, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Weissman, J.), rendered May 28, 1985, convicting him of robbery in the second degree, robbery in the third degree (two counts),

and grand larceny in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the People failed to prove his guilt beyond a reasonable doubt is without merit. Viewing the evidence in a light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to prove the defendant's guilt. Moreover, upon the exercise of our factual review power, we find that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

It is well settled that an illegally obtained inculpatory statement, which was voluntarily made, may be utilized by the prosecutor at trial for the limited purpose of attacking a defendant's credibility should he choose to testify *(see, Oregon v Hass,* 420 US 714; *Harris v New York,* 401 US 222, 224; *People v Maerling,* 64 NY2d 134; *People v Ricco,* 56 NY2d 320). Admissibility in such a situation rests not upon whether a constitutional right is implicated, but rather upon a determination of voluntariness *(see, United States v Havens,* 446 US 620; *People v Maerling, supra,* at 140). Here, after a *Huntley* hearing, the court ruled that an inculpatory statement made by the defendant to the police should be suppressed because it was obtained without the benefit of counsel, after the defendant's right to counsel had indelibly attached. However, the court found the testimony of the detective credible and no claim was made that the confession was obtained as a result of physical duress or legal compulsion *(see, New Jersey v Portash,* 440 US 450; *Mincey v Arizona,* 437 US 385). Since the trustworthiness of the statement was established at the hearing, the court properly ruled that it could be used for impeachment purposes during the cross-examination of the defendant at trial *(Harris v New York, supra).*

We also reject the defendant's claim that he was not afforded effective assistance of counsel at trial *(see, People v Baldi,* 54 NY2d 137).

The defendant's affliction with the HIV virus, a precursor of the acquired immune deficiency syndrome, does not by itself warrant the reduction of an otherwise appropriate sentence *(see, People v Ford,* 143 AD2d 841).

We have considered the defendant's remaining contentions, including those raised in his *pro se* supplemental brief, and either find them to be unpreserved for appellate review or without merit. Mangano, J. P., Thompson, Kunzeman and Eiber, JJ., concur.