OPINION OF THE COURT
Vincent T. Quattrochi, J.
On July 28, 1989, pursuant to a negotiated plea arrange *574 ment, defendant, Angel Escóbales, was sentenced to an indeterminate term of imprisonment having a minimum of 2 years and a maximum of 4 years. Defendant moves pursuant to CPL 440.20 to set aside this sentence. In order to prevail on this motion, it must be established that the sentence was "unauthorized, illegally imposed or otherwise invalid as a matter of law” (CPL 440.20 [1]).
BACKGROUND
On July 2, 1989, the defendant was arraigned on a felony complaint charging two class B felonies, criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree based upon his involvement in the street sale of drugs to an undercover police officer. By his plea of guilty to a class D felony in full satisfaction of these charges, defendant, a predicate drug felon, negotiated a very favorable outcome (see, CPL 220.10 [5] [a] [iii]). Additionally, the court imposed the minimum sentence permissible under the statute (Penal Law § 70.06).
However, subsequent to his plea negotiations and sentencing, it was discovered during his incarceration that defendant is afflicted with AIDS (acquired immune deficiency syndrome). The disease is in an advanced stage and has required constant care and treatment at Hikers Island Hospital. Defendant’s prognosis is grave. His life expectancy is from 12 to 18 months.
The defendant now urges to find his otherwise authorized sentence invalid as a matter of law since it constitutes cruel and unusual punishment in violation of constitutional proscription (NY Const, art I, § 5; US Const 8th Amend) inasmuch as the imposition of this sentence renders it one of life imprisonment in confinement given his dire medical condition.
FINDINGS
Ordinarily, a sentence of imprisonment that is within the limits of a valid statute is not cruel and unusual punishment in a constitutional sense. (People v Jones, 39 NY2d 694.) However, there may be exceptional circumstances which justify judicial review in exceedingly rare cases (Rummel v Estelle, 445 US 263, 272; People v Broadie, 37 NY2d 100, 119, cert denied 423 US 950).
Typically, in these exceptional cases, an analysis of whether a sentence constitutes cruel and unusual punishment involves *575 an objective evaluation whereby the gravity of the offense is weighed against danger the offender poses to society (People v Broadie, supra). This type of inquiry considers the particular mitigating circumstances of the defendant’s commission of the offense to determine whether the punishment imposed was grossly disproportionate to the severity of the crime (see, e.g., People v Rivera, 128 Misc 2d 593, revd 119 AD2d 705 [2d Dept 1986]; People v Alvarez, 65 AD2d 146, 154 [1st Dept 1978]; People v Hooks, 96 AD2d 1001 [3d Dept 1983]; People v Dowd, 140 Misc 2d 436).
However, it is not the defendant’s position that an objective analysis of the particular circumstance of his criminal behavior does not justify the punishment imposed. Indeed, because the defendant was the recipient of a favorable plea negotiation with the imposition of the minimum allowable statutory sentence, his punishment must be considered lenient under the circumstances of his offense. At any rate, using an objective standard, it is well settled that severe punishment of drug offenders has not been considered irrationally harsh given the alarming pervasiveness of drug use in our modern society (People v Broadie, supra; see also, People v Mizell, 72 NY2d 651, 655).
Although the defendant does not ask the court to consider an objective evaluation, his argument, in effect, asks consideration of a subjective evaluation of his particular imprisonment. Such an evaluation, although not recommended, is not precluded (People v Broadie, supra, at 111). It requires that the court examine the extent to which its conscience is shocked by the punishment imposed. Thus, when a subjective evaluation is made, the specific conditions of the defendant’s imprisonment are scrutinized. Under this analysis, some confinement may be considered so subhuman as to constitute cruel and unusual punishment (see, e.g., Wilkinson v Skinner, 34 NY2d 53, 59-60).
Nevertheless, applying this subjective standard, it cannot be said that Mr. Escóbales’ incarceration, as unfortunate as it may be, is subhuman so as to shock the court’s conscience. At present, the defendant is an inmate patient at Rikers Island Hospital. He is receiving necessary and appropriate medical care and is a candidate for treatment with Zidovudine (AZT). Accordingly, his motion pursuant to CPL 440.20 to have the sentence provisions of Penal Law § 70.06 declared unconstitutional as applied to him must be denied.
*576 In reaching this decision, the court is also persuaded by the rulings of the Appellate Division in the Second and Third Departments who, in their capacity to review sentences under CPL 470.15, have held that a defendant’s affliction with AIDS, in and of itself, is not an extraordinary circumstance which would warrant interference with a sentence imposed within statutory guidelines (People v Chrzanowski, 147 AD2d 652; People v Ford, 143 AD2d 841; People v Napolitano, 138 AD2d 414; People v Brandow, 139 AD2d 819). It is suggested in People v Napolitano (supra) that any application to ameliorate the conditions of incarceration should be made to the New York State Department of Correctional Services. I take note from the defendant’s motion papers that doctors caring for the defendant have recommended evaluation by the Department of Correctional Services for early release from the prison system. Although I am obliged to follow statutory guidelines in upholding a validly imposed sentence, I agree with the defendant that the interest of justice would be served by allowing him to live out his life in a facility devoted to the care of AIDs victims. As such, I join in the recommendation to the Department of Correctional Services that the defendant be a benefactor of the Compassionate Release Program.