■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK BONAVENTURA, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Weissman, J.), rendered May 30, 1989, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Three eyewitnesses identified the defendant as the perpetrator of the robbery of a drug store. In addition, the police followed a trail of pharmaceutical inventory drug bottles taken from the drug store to a motel less than a quarter mile away where the defendant was staying. The motel manager was given a description of the defendant and he directed the detectives to the defendant's room. Upon

identifying themselves as police officers, the defendant stated "I knew you would find me sooner or later" and gave the detectives permission to enter. The officers then observed a drug bottle of a controlled substance on the night table. While being read his *Miranda* rights, the defendant stated "I'm sorry I did it. I wasn't going to hurt anyone. All I wanted was the pills". The defendant then consented to a search of his room, and the detectives recovered a large number of drug bottles, with labels indicating that they had come from the drug store in question.

Contrary to the defendant's further contention, the identification testimony and the fact that a detective claimed to have mistakenly placed the wrong room number on the form by which the defendant consented to the search, merely posed issues of credibility, which are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The court officers' use of surgical gloves at the trial in handling articles of the defendant's clothing introduced in evidence did not deprive the defendant of a fair trial by stigmatizing him as being diseased. The trial court instructed the jury that it "is the rule" that court personnel wear surgical gloves when handling clothing of any person accused of a crime. The court's curative instructions prevented any prejudice *(see, People v Gonzalez,* 115 AD2d 899; *People v Hart,* 112 AD2d 471; *People v Gallan,* 78 AD2d 904). Moreover, it was the defendant's own trial strategy to reveal to the jury that he was suffering from Acquired Immune Deficiency Syndrome (hereinafter AIDS).

Finally, it is well established that the fact that a criminal defendant is found to be suffering from AIDS "does not by itself warrant the reduction of an otherwise appropriate sentence" *(People v Chrzanowski,* 147 AD2d 652, 653; *see also, People v Ford,* 143 AD2d 841, 842; *People v Brandow,* 139 AD2d 819). In view of the court's consideration of the appropriate sentencing principles, as well as the facts of the defendant's case, we decline to modify the sentence imposed *(see, People v Suitte,* 90 AD2d 80). Thompson, J. P., Lawrence, Kunzeman and Rosenblatt, JJ., concur.