■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC BURGESS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Starkey, J.), rendered April 17, 1990, convicting him of burglary in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The People, who have consented to enlargement of the record to include medical reports, correctly assert that the defendant's discovery after imposition of sentence that he suffers from acquired immune deficiency syndrome has no bearing on the validity of his plea. The record establishes that the defendant entered the plea with full knowledge and understanding of the legal consequences and his claim that the plea should now be vacated is without merit *(cf., People v Ramos,* 63 NY2d 640; *People v Selikoff,* 35 NY2d 227, *cert denied* 419 US 1122). Moreover, there is nothing in the record to suggest that the defendant was deprived of the effective assistance of counsel *(see, People v Brown,* 45 NY2d 852). Finally, while unfortunate, the defendant's illness is no basis for reducing the bargained-for sentence *(see, People v Holley,* 162 AD2d 469; *People v Napolitano,* 138 AD2d 414; *see also, People v Kazepis,* 101 AD2d 816). Harwood, J. P., Balletta, Rosenblatt and Copertino, JJ., concur.