■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS PEREZ, Also Known as LUIS VELEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Slavin, J.), rendered April 26, 1988, convicting him of criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for further proceedings pursuant to CPL 460.50 (5).

We reject the defendant's contention that his guilty plea was legally invalid because of his apparent affliction with the HIV virus at the time he pleaded guilty, a circumstance of which he did not become aware until after sentencing. There is nothing in the record which suggests that his physical condition impaired his ability and mental competence to enter into the negotiated plea agreement, nor did the lack of knowledge of his illness at that time have any legal impact upon the propriety and validity of the plea agreement *(cf., People v Camacho,* 102 AD2d 728).

Similarly unavailing is the defendant's contention that the negotiated sentence is unduly harsh and excessive. It is well settled that affliction with the HIV virus or with Acquired Immune Deficiency Syndrome, standing alone, does not warrant a reduction in an otherwise appropriate sentence *(see, People v Chrzanowski,* 147 AD2d 652; *People v Ford,* 143 AD2d 841; *People v Brandow,* 139 AD2d 819; *People v Napolitano,* 138 AD2d 414). Moreover, in view of the criminal history of the defendant and the other factors presented, we discern no basis for disturbing the sentence imposed *(see, People v Suitte,* 90 AD2d 80).

We have considered the defendant's remaining contention and find it to be without merit *(see,* CPL 710.60 [1], [3]; *see, e.g., People v Bowman,* 155 AD2d 606; *People v Pavesi,* 144 AD2d 392; *People v Roberto H.,* 67 AD2d 549). Sullivan, J. P., Lawrence, O'Brien and Ritter, JJ., concur.