■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAY KING, Appellant.—Appeal by the defendant from five judgments of the Supreme Court, Kings County (Marrus, J.), all rendered October 16, 1989, convicting him of robbery in the first degree (five counts, one each under each accusatory instrument), upon his pleas of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

The People, who have consented to an enlargement of the record on appeal to include medical reports, correctly assert that the defendant's discovery, after the imposition of sentence, that he is afflicted with the HIV virus, has no bearing on the validity of his guilty pleas. There is nothing in the record which suggests that the defendant's physical condition impaired his ability and mental competence to enter into the negotiated plea agreement, nor did the lack of knowledge of

his illness at that time have any legal impact upon the propriety and validity of the plea agreement *(see, People v Perez,* 181 AD2d 922; *People v Burgess,* 178 AD2d 486; *cf., People v Camacho,* 102 AD2d 728).

Equally unavailing is the defendant's contention that the negotiated sentences are unduly harsh and excessive. It is well settled that affliction with the HIV virus or with Acquired Immune Deficiency Syndrome, is not, in and of itself, a ground for reducing an otherwise appropriate sentence *(see, People v Perez, supra; People v Burgess, supra; People v Bonaventura,* 168 AD2d 626, 627; *People v Holley,* 162 AD2d 469, 470; *People v Chrzanowski,* 147 AD2d 652, 653). Moreover, in view of the defendant's criminal history, we discern no basis for disturbing the sentences imposed *(see, People v Suitte,* 90 AD2d 80).

Harwood, J. P., Balletta, Rosenblatt and Santucci, JJ., concur.