■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH BIGUS, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Mazzei, J.), rendered March 30, 1990, convicting him of robbery in the first degree (two counts), upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We disagree with the defendant's contention that the court improvidently exercised its discretion in denying his motion to withdraw his plea upon his return on a bench warrant. The defendant was expressly informed, at the time of his plea of guilty, that should he fail to appear, he could receive the maximum sentence. Because the defendant failed to appear on his scheduled sentencing date, the court was not bound by its original sentencing promise and was free to impose an enhanced sentence (see, People v Moore, 176 AD2d 968; People v McNeill, 164 AD2d 951; People v Erazo, 155 AD2d 477).

Nor does the fact that the defendant is positive for the human immuno deficiency virus (HIV) warrant the reduction of his sentence (see, People v Bonaventura, 168 AD2d 626; People v Chrzanowski, 147 AD2d 652; People v Ford, 143 AD2d 841), particularly since the court took the defendant's medical condition into account in making the original sentencing promise. We therefore reject the defendant's further contention that the sentence imposed, which was less than the maximum, was harsh or excessive. Thompson, J. P., Harwood, Balletta, Rosenblatt and Eiber, JJ., concur.