■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TONY KING, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Greenberg, J.), rendered February 10, 1989, convicting him of sodomy in the first degree (two counts), sexual abuse in the first degree (two counts), and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the trial court properly exercised its discretion in ruling that the prosecutor could inquire into the defendant's prior convictions for petit larceny and disorderly conduct but not his convictions for sexual abuse or attempted assault *(see, People v Sandoval,* 34 NY2d 371). Moreover, the fact that a defendant's prior convictions are remote in time does not mandate preclusion of cross-examination with regard to those convictions *(People v Dupree,* 157 AD2d 847; *People v Ortiz,* 156 AD2d 197; *People v Yeaden,* 156 AD2d 208).

The court did not improvidently exercise its discretion in denying the defendant's application at trial for a further psychiatric examination pursuant to CPL article 730 in order to determine his competency. Such an examination had been conducted prior to trial, at which time the defendant was found fit to proceed. The court properly relied upon this evaluation, as well as its own observations and that of a court-appointed psychiatrist during the proceedings, in determining that a further examination was not warranted *(see, People v Kestin,* 134 AD2d 453; *People v Parker,* 132 AD2d 629; *see also,*

*People v Swan,* 158 AD2d 158). It is within the trial court's discretion to make the determination as to whether a competency hearing is required *(People v Russell,* 74 NY2d 901).

Since the defendant failed to object to the admission of the complainant's testimony on the ground that she was incompetent to give sworn testimony, his claim in this regard is unpreserved for appellate review *(see, People v Diaz,* 172 AD2d 389). In any event, we find that the trial court properly permitted the 11-year-old complainant to be sworn as a witness since her responses to questioning by the court indicated that she knew and appreciated the difference between truth and falsity, and knew the consequences of telling a lie *(see, People v Schultz,* 168 AD2d 468).

We find that the defendant's sentence was neither harsh nor excessive *(see, People v Suitte,* 90 AD2d 80). Bracken, J. P., Lawrence, O'Brien and Santucci, JJ., concur.