■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

MANUEL ALVIRA, Appellant. [619 NYS2d 126] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Quinones, J.), rendered December 20, 1991, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, and criminal possession of a controlled substance in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

A police officer observed the defendant selling crack cocaine to a buyer. The officer radioed his partner, who arrested the buyer minutes after the purchase. Shortly thereafter, the defendant was arrested. The buyer had two gold-capped vials on his person, which were similar to 11 gold-capped vials the defendant had thrown away shortly before he was arrested. During the cross-examination of the officer who arrested both the buyer and the defendant, the defendant's counsel inquired into the different vials used in the neighborhood. The court limited this inquiry, and the defendant contends that this was error. Contrary to the defendant's contention, the court has broad discretion in limiting the scope of cross-examination on issues that are collateral to the main issue in the case (see, People v McGriff, 201 AD2d 672, 673).

The defendant claims that his sentence is unduly harsh. He contends, inter alia, that because he tested positive for the HIV virus, his sentence should be reduced. However, it is well settled that affliction with the HIV virus is not, in and of itself, a ground for reducing an otherwise appropriate sentence (see, People v King, 184 AD2d 782). In light of the defendant's extensive criminal record, the sentence should not be disturbed (see, People v Suitte, 90 AD2d 80).

We have considered the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Lawrence, Friedmann and Goldstein, JJ., concur.