■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEON STREET, Appellant. [632 NYS2d 666] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (O'Dwyer, J.), rendered June 23, 1993, convicting him of robbery in the second degree and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Thomas, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Viewing the evidence, in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish physical injury and therefore legally sufficient to establish the defendant's guilt of robbery in the second degree beyond a reasonable doubt. Moreover,

upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

The showup identification of the defendant was not police-arranged and, in any event, was not suggestive (see, People v Duuvon, 77 NY2d 541).

The defendant's claim that his sentence was excessive because it was in excess of the term of imprisonment offered during a plea negotiation is without merit. It is firmly established that sentences imposed after trial may be more severe than those proposed in connection with a plea bargain (see, People v Pena, 50 NY2d 400, cert denied 449 US 1087; People v Clarke, 195 AD2d 569).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Bracken, J. P., Rosenblatt, Santucci and Joy, JJ., concur.