■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARC ROSEMOND, Appellant. [640 NYS2d 774] —Appeal by the defendant from a judgment of the County Court, Nassau County (Wexner, J.), rendered February 23, 1993, convicting him of murder in the second degree (four counts), robbery in the first degree (two counts), criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We find no merit to the defendant's contention that the prosecutor's explanations for his peremptory challenges were pretextual. Once the defense made a prima facie showing of purposeful racial discrimination, the burden shifted to the People to provide facially race-neutral explanations for its challenges (*see, Batson v Kentucky,* 476 US 79, 97; *Hernandez v New York,* 500 US 352, 358-359). At this step, " 'the issue is the facial validity of the prosecutor's explanation. Unless a discriminatory intent is inherent in the prosecutor's explanation, the reason offered will be deemed race neutral' " (*Purkett v Elem,* 514 US —, —, 115 S Ct 1769, 1771, quoting *Hernandez v New York, supra,* at 360). After the People offered their facially-neutral explanations, the burden returned to the defense, requiring it to either accept the explanations or establish that they were pretextual (*see, People v Allen,* 86 NY2d 101, 104). The defense counsel did not challenge the explanations offered, and thus, the challenge is waived (*see, People v Allen, supra*).

The defendant's contention that he should not receive the maximum sentence on the ground that he may have received a lesser sentence had he pleaded guilty is without merit. "Given that the *quid pro quo* of the bargaining process will almost necessarily involve offers to moderate sentences that ordinarily would be greater * * * it is also to be anticipated that sentences handed out after trial may be more severe than those proposed in connection with a plea" (*People v Pena,* 50 NY2d 400, 412, *cert denied* 449 US 1087). In any event, the sentence imposed was not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Rosenblatt, J. P., O'Brien, Ritter and Goldstein, JJ., concur.