■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY BELLILLI, Appellant. [704 NYS2d 616] —Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Kuffner, J., at trial; Rooney, J., at sentencing), rendered February 27, 1997, convicting him of robbery in the first degree (six counts) and robbery in the second degree (three counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the fact that the sentence imposed after trial was greater than the sentence offered during plea negotiations is no indication that the defendant was punished for asserting his right to proceed to trial (*see, People v Lam,* 226 AD2d 554, 555; *People v Goolsby,* 213 AD2d 722; *People v Cosme,* 203 AD2d 375; *People v Clarke,* 195 AD2d 569, 570-571). It is to be anticipated that sentences imposed after trial may be more severe than those proposed in connection with a plea (*see, People v Pena,* 50 NY2d 400, 412, *cert denied* 449 US 1087; *People v Velez,* 222 AD2d 539, 541; *People v Street,* 220 AD2d 704, 705; *People v Rosemond,* 226 AD2d 404; *People v Patterson,* 106 AD2d 520, 521).

Contrary to the defendant's contention, his current medical condition does not, by itself, warrant the reduction of an otherwise appropriate sentence (*see, People v King,* 184 AD2d 782; *People v Bonaventura,* 168 AD2d 626; *People v Chrzanowski,* 147 AD2d 652). The defendant failed to establish that he would be unable to obtain proper medical treatment if incarcerated (*see, People v Clark,* 176 AD2d 1206).

The defendant's remaining contentions are without merit. O'Brien, J. P., Sullivan, Luciano and Smith, JJ., concur.