■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEMAR CARILLO, Appellant. [746 NYS2d 36]

The defendant's contention that his conviction is not supported by legally sufficient evidence is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10, 19). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

Contrary to the defendant's contention, he was not deprived of a fair trial by two brief references to his prior contact with

the criminal justice system (*see People v Santiago,* 52 NY2d 865, 866; *People v Young,* 48 NY2d 995, 996; *People v Singletary,* 270 AD2d 903; *People v Caban,* 224 AD2d 705; *People v Pought,* 154 AD2d 628, 629; *cf. People v Mullin,* 41 NY2d 475, 480; *People v Butler,* 258 AD2d 368). The record is clear that the court gave a curative instruction. Moreover, it was the *defense counsel* who elicited the first comment at issue, and the defense counsel had already elicited the information contained in the second comment prior to the prosecutor's question.

The trial court also properly declined to give a missing witness charge. The request for such a charge was untimely since it was made after the close of all of the evidence (*see People v Tilghman,* 233 AD2d 348; *People v Woodford,* 200 AD2d 644; *cf. People v Gonzalez,* 68 NY2d 424, 428). In any event, the defendant failed to establish that the missing witness was under the control of the People and would have been expected to provide noncumulative testimony favorable to the prosecution (*see People v Keen,* 94 NY2d 533, 539; *People v Macana,* 84 NY2d 173, 177; *People v Gonzalez, supra*; *People v Almestica,* 288 AD2d 483, *lv denied* 97 NY2d 750; *People v Nasario,* 258 AD2d 599, 600; *People v O'Hara,* 253 AD2d 560, 561; *People v Bradshaw,* 232 AD2d 499, 500).

Furthermore, contrary to the defendant's contention, the fact that the sentence imposed after trial was greater than that offered during plea negotiations is no indication that the defendant was punished for asserting his right to proceed to trial (*see People v Bellilli,* 270 AD2d 355; *People v Lam,* 226 AD2d 554, 555; *People v Goolsby,* 213 AD2d 722; *People v Clarke,* 195 AD2d 569, 570-571; *cf. People v Cosme,* 203 AD2d 375, 376). It is "to be anticipated that sentences handed out after trial may be more severe than those proposed in connection with a plea" (*People v Pena,* 50 NY2d 400, 412, *cert denied* 449 US 1087; *see People v Bellilli, supra*; *People v Rosemond,* 226 AD2d 404; *People v Velez,* 222 AD2d 539, 541; *People v Street,* 220 AD2d 704, 705; *People v Patterson,* 106 AD2d 520, 521). Moreover, the sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions, including those raised in his supplemental pro se brief, are without merit. Altman, J.P., Krausman, Schmidt and Crane, JJ., concur.