■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD BONNER, Appellant. [772 NYS2d 598]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Knipel, J.), rendered July 29, 1998, convicting him of attempted murder in the second degree, assault in the first degree (three counts), criminal possession of a weapon in the second degree, and reckless endangerment in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's objection to the legal sufficiency of the evidence is only partially preserved for appellate review. In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the trier of fact, which saw and heard the witnesses (*see People v Gaimari,* 176 NY 84, 94 [1903]). Its determination should be ac-

corded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see People v Garafolo,* 44 AD2d 86, 88 [1974]). Upon the exercise of our factual power of review, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

In addition, the imposition of consecutive terms of incarceration in this case was authorized (*see* Penal Law § 70.25 [1]; *People v Salcedo,* 92 NY2d 1019, 1021 [1998]; *People v Ramirez,* 89 NY2d 444, 451, 455 [1996]; *People v Davis,* 286 AD2d 774, 775 [2001]; *cf.* Penal Law § 70.25 [2]; *People v Laureano,* 87 NY2d 640 [1996]). Contrary to the defendant's contention, the fact that the sentence imposed was greater than that offered during plea negotiations does not establish that the defendant was punished for exercising his right to proceed to trial (*see People v Carillo,* 297 AD2d 288, 289 [2002]). Moreover, the sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]).

The defendant's remaining contention is without merit. Ritter, J.P., H. Miller, Crane and Cozier, JJ., concur.