■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KATHY XX., Appellant. [818 NYS2d 850]—

Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered April 29, 2005, convicting defendant upon her plea of guilty of the crime of criminal possession of a controlled substance in the third degree.

In satisfaction of a two-count indictment, defendant pleaded guilty to criminal possession of a controlled substance in the third degree with the promise of a prison term of five years followed by 1½ years of postrelease supervision. At sentencing, defense counsel submitted extensive information regarding defendant's abusive childhood, long-standing drug abuse and serious physical and mental ailments. County Court observed that those circumstances would have led it to impose a lesser sentence were it not for the plea agreement. Defense counsel also recognized that the court's "hands were tied" by the plea agreement and did not request a lesser sentence. County Court then sentenced defendant as a second felony offender to the bargained-for term of imprisonment.

On appeal, defendant contends that the sentence imposed was harsh and excessive and should be reduced in the interest of justice. Given County Court's observations, we are constrained to note that it is, of course, settled law that a sentencing court retains the right, in the exercise of its discretion, to determine that a bargained-for sentence is inappropriate and is "free to impose a lesser penalty if warranted" (*People v Farrar*, 52 NY2d 302, 308 [1981]). Here, however, defense counsel and

County Court undoubtedly were aware that if the court had agreed to impose a lesser sentence, the People would have been entitled to withdraw their consent to the plea agreement (*see id.* at 307-308; *People v Terry*, 152 AD2d 822, 823 [1989]), a possibility that defendant herself was unwilling to face. As for defendant's contention that a reduction in the interest of justice is warranted, our review of the record does not lead us to conclude that the circumstances are sufficiently extraordinary to warrant a reduction in the bargained-for sentence (*see e.g. People v Brown*, 3 AD3d 593 [2004]; *People v Perez*, 181 AD2d 922 [1992], *lv denied* 80 NY2d 836 [1992]; *People v Brandow*, 139 AD2d 819 [1988], *lv denied* 72 NY2d 856 [1988]).

Mercure, J.P., Peters, Spain, Carpinello and Rose, JJ., concur. Ordered that the judgment is affirmed.