■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY A. MURRAY, Appellant. [872 NYS2d 226]—

Kavanagh, J. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered November 29, 2007, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the third degree.

On November 2, 2006, Sergeant Christopher Bracco of the City of Binghamton Police Department stopped a motor vehicle that was operated by Avery Lyons for violating two separate provisions of the Vehicle and Traffic Law—failure to illuminate headlights during the evening hours and failure to signal prior to making a right-hand turn (*see* Vehicle and Traffic Law §§ 376, 1163). After the vehicle pulled over to the side of the road, Bracco approached it from the passenger side and observed defendant seated in the front passenger seat. Lyons was asked to

---

produce his license and registration, at which point Bracco saw a "baseball size . . . plastic packaging with a plastic knot on top" on the center console of the front seat between Lyons and defendant. Lyons, at that time, told Bracco that this package was "trash" and gave Bracco permission to examine it. When Bracco examined the package, he found that it contained numerous smaller plastic wraps that he recognized as material commonly used to package cocaine. Bracco then directed Lyons to exit the vehicle and, moments later, as other police units arrived on the scene, defendant and a third individual, Kyle Paulson, who was seated in the back seat, were both ordered out of the vehicle. As Paulson opened the door to exit the vehicle, Bracco saw, on the floor of the back seat, a cell phone and a plastic wrap containing a white substance that looked like cocaine. Later, after all three individuals had been placed under arrest, the vehicle was searched and four additional plastic wraps, all later determined to contain cocaine, were recovered from the floor of the vehicle. Defendant was charged with criminal possession of a controlled substance in the first degree, criminal possession of a controlled substance in the third degree (two counts), criminal possession of a controlled substance in the fourth degree and criminally using drug paraphernalia in the second degree (four counts).*

Defendant filed an omnibus motion seeking, among other things, suppression of the evidence seized from the car on the ground that it was seized pursuant to an illegal search. After defendant's motion was denied, he pleaded guilty to one count of criminal possession of a controlled substance in the third degree in full satisfaction of all charges contained in the indictment, and he was subsequently sentenced to six years in prison, to be followed by three years of postrelease supervision. Defendant now appeals, claiming that County Court erred in not granting his motion to suppress and that the sentence imposed, even though the product of a negotiated plea, was unduly harsh and excessive.

Defendant argues that his motion to suppress should have been granted because the police did not have probable cause to believe that a crime had been committed when they searched the vehicle and that, at the very minimum, they should have obtained a search warrant prior to conducting the search. In that regard, we note that defendant does not contend that the

---

* The 10-count indictment also charged Lyons and Paulson in connection with the contraband found in the car, but the record is unclear as to the disposition of these charges, and Lyons and Paulson are not participants in this appeal.

stop of the vehicle was illegal or that Bracco did not have the right to order him or the other occupants to exit the vehicle after it had been pulled over to the side of the road. Given that Bracco observed violations of the Vehicle and Traffic Law committed in his presence, he not only had the right, albeit, the obligation, to stop the vehicle, but also the right to request that the operator produce his license and registration (*see* Vehicle and Traffic Law § 401; *People v Ingle*, 36 NY2d 413, 416 [1975]). In addition, at this point in the encounter, Bracco had the right to require all of the occupants to get out of the vehicle while he conducted his preliminary investigation (*see People v Robinson*, 74 NY2d 773, 775 [1989], *cert denied* 493 US 966 [1989]; *People v Douglas*, 42 AD3d 756, 757-758 [2007], *lv denied* 9 NY3d 922 [2007]).

The principal issue raised in this appeal is not whether Bracco lawfully detained the vehicle or whether he had the right to order the occupants to exit from it, but whether the police were provided with probable cause to search the vehicle and seize any of its contents as a result of what transpired after the vehicle was stopped. We note that there is nothing inherently incredible or improbable in the credibility determinations made by County Court after hearing testimony on defendant's motion to suppress as to the circumstances leading up to the stop and subsequent search of the vehicle. As those findings have ample support in the record, they are entitled to deference (*see People v Rivera*, 68 NY2d 786, 787-788 [1986]; *People v Reid*, 2 AD3d 1061, 1062 [2003], *lv denied* 3 NY3d 646 [2004]; *People v Esposito*, 191 AD2d 746, 747 [1993], *lv denied* 81 NY2d 885 [1993]).

After stopping the vehicle, Bracco observed, in plain view, a "plastic knotted wrap" on the vehicle's console that, based upon his experience in investigating street level narcotic activity, he recognized as material commonly used to package cocaine. In addition, as the occupants were exiting the vehicle, Bracco observed on the floor of the back seat another plastic wrap—this one containing a white powder that resembled cocaine. Under the circumstances as they then existed, Bracco had reason to believe that illegal drugs were inside the vehicle and, at that point, had the legal authority to conduct an immediate search of the interior of the vehicle and seize any illegal contraband found in it (*see People v Beriguette*, 84 NY2d 978, 980 [1994]; *People v Pierre*, 8 AD3d 904, 905 [2004], *lv denied* 3 NY3d 710 [2004]; *People v Foster*, 4 AD3d 434, 434 [2004]; *People v Dobere*, 298 AD2d 770, 772 [2002]; *see also People v Gaines*, 57 AD3d 1120 [2008]).

Defendant also argues that the sentence was harsh and excessive and should be reduced. We disagree. The plea, as negotiated, was taken in full satisfaction of all charges pending against defendant and the resulting sentence was significantly less than he could have received if convicted of all of the crimes charged in the indictment. In addition, this was not defendant's first encounter with the criminal justice system. He was, at the time of sentencing, a repeat felony offender who had been convicted on two prior occasions of the sale of illegal drugs. In his plea allocution, defendant acknowledged not only that the cocaine found in the vehicle belonged to him, but that it was his intention to sell it. Under these circumstances, we cannot find the existence of any extraordinary circumstances that would justify a modification of his sentence (*see People v Hawkins*, 45 AD3d 989, 992 [2007], *lv denied* 9 NY3d 1034 [2008]; *People v Kathy XX.*, 31 AD3d 1062, 1063 [2006], *lv denied* 7 NY3d 849 [2006]; *People v Dolison*, 23 AD3d 844, 845 [2005], *lv denied* 6 NY3d 812 [2006]).

Peters, J.P., Rose and Kane, JJ., concur. Ordered that the judgment is affirmed.

