Lynch, J.
Appeal from a judgment of the County Court of Sullivan County (McGuire, J.), rendered August 31, 2012, convicting defendant upon his plea of guilty of the crime of rape in the first degree.
Pursuant to a negotiated plea agreement, defendant pleaded guilty to the crime of rape in the first degree in full satisfaction of an indictment charging him with 12 counts of predatory sexual assault against a child. The plea agreement was that defendant would receive a sentence of between 17 and 20 years in prison with 20 years of postrelease supervision. It also provided for a permanent order of protection, as well as an appeal waiver. County Court advised defendant that if he violated any of the conditions of the plea or the order of protection before sentence, it would not be bound by the sentencing promises and could instead impose an enhanced sentence of up to 25 years in prison without allowing him to withdraw his guilty plea.
While released on bail and awaiting sentencing, defendant *1382 contacted the victim and was charged with criminal contempt in the second degree for violating the order of protection. At a subsequent court appearance on the violation, defendant indicated that he wished to withdraw his plea. County Court granted defendant’s request to relieve his counsel and the matter was adjourned to permit defendant to retain new counsel. Through his new counsel, defendant thereafter moved to vacate the guilty plea and, after extensive oral argument, County Court denied the motion. At the ensuing hearing on the violation, defendant admitted that he contacted the victim. The court determined that defendant violated the order of protection and, as a result, sentenced defendant to a prison term of 25 years with 20 years of postrelease supervision, and issued a permanent order of protection. Defendant appeals.
In support of his motion to withdraw his plea, defendant argued, primarily, that his former counsel coerced him into accepting it. During the argument on the motion, defense counsel stated, generally, that defendant’s former counsel was a member of a firm that was among the “finest” in the locality and that counsel had negotiated a “wonderful” deal. Defendant’s counsel also presented arguments in support of defendant’s professed innocence, introduced a theory of the case that was allegedly not explored by former counsel, and explained that, while he did not have any direct knowledge, defendant and his family felt intimidated by his former counsel’s fee demand.
“It is well settled that a defendant has a right to the effective assistance of counsel on his or her motion to withdraw a guilty plea” (People v Mitchell, 21 NY3d 964, 966 [2013] [citations omitted]). A “ ‘defendant’s right to counsel [is] adversely affected when his [or her] attorney, either voluntarily or at the court’s urging, [becomes] a witness against him [or her]’ ” (People v Hutchinson, 57 AD3d 1013, 1014-1015 [2008], lv denied 12 NY3d 817 [2009], quoting People v Santana, 156 AD2d 736, 737 [1989]) or if counsel makes remarks that “affirmatively undermine” a defendant’s arguments (People v Pimentel, 108 AD3d 861, 863 [2013], lv denied 21 NY3d 1076 [2013] [internal quotation marks and citations omitted]). Here, counsel made the motion on defendant’s behalf and, while it was not necessary for counsel to express his opinion with regard to the general competence of defendant’s former counsel, we do not find that counsel undermined, expressed an opinion or otherwise took a position with regard to the merits of the specific arguments raised on the motion to withdraw the plea (see People v Pimentel, 108 AD3d at 863; People v Milazo, 33 AD3d 1060, 1061 [2006], lv denied 8 NY3d 883 [2007]). Further, the record *1383 confirms that counsel’s statements did not influence County Court’s determination in any meaningful way (People v Wester, 82 AD3d 1677, 1678 [2011], lv denied 17 NY3d 803 [2011]).
We also reject defendant’s claim that County Court erred by denying his motion to withdraw his guilty plea without a further hearing. Such a determination “is left to the sound discretion of County Court, and [withdrawal] will generally not be permitted absent some evidence of innocence, fraud or mistake in its inducement” (People v Mitchell, 73 AD3d 1346, 1347 [2010], lv denied 15 NY3d 922 [2010] [internal quotation marks and citation omitted]; see CPL 220.60 [3]). Here, County Court properly concluded that defendant’s claim that he was pressured to accept the plea, made after he was charged with violating the order of protection, is belied by the record. The plea proceedings were adjourned over a number of days to allow defendant time to consider the options that were presented to him and whether to retain new counsel. During the plea colloquy, defendant confirmed that he was satisfied with the legal counsel he had been provided, denied that he had been coerced, indicated that he understood the terms of the plea and admitted that he raped the 12-year-old victim. Under the circumstances, and in the absence of any genuine factual issues, we find that County Court did not abuse its discretion by summarily denying defendant’s application to withdraw his plea (see People v Wren, 119 AD3d 1291, 1292 [2014], lv denied 24 NY3d 1048 [Nov. 24, 2014]; People v Wilson, 92 AD3d 981, 981 [2012], lv denied 19 NY3d 1029 [2012]).
Contrary to his claims on this appeal, we further find that the record reflects that defendant voluntarily waived his right to a hearing on the issue of whether he violated the terms of the plea agreement. The court properly advised that it retained the discretion to impose the statutorily permitted minimum sentence of five years (see Penal Law § 70.02 [1] [a]; [3] [a]; People v Kathy XX., 31 AD3d 1062, 1063 [2006], lv denied 7 NY3d 849 [2006]). While the court did not expressly confirm that the People could move to withdraw consent to the plea if something less than the 17-year minimum sentence that was agreed to under the plea agreement were imposed (see People v Farrar, 52 NY2d 302, 307-308 [1981]; People v Kathy XX., 31 AD3d at 1063), we do not believe the record reflects that this omission was misleading in any way or that it could have affected the voluntariness of defendant’s waiver.
We agree with defendant, however, that because only the Board of Parole is authorized to impose the conditions of a term of postrelease supervision (see People v Monk, 21 NY3d 27, 32 *1384 [2013]; Penal Law § 70.45 [3]; Executive Law §§ 259-c [2]; 259-i [3], [4]), County Court erred to the extent that it imposed certain conditions of defendant’s postrelease supervision at sentencing and the conditions should be stricken. Similarly, inasmuch as neither a fine nor restitution was mentioned at the plea proceedings, the matter must be remitted to allow County Court to either impose the sentence that was negotiated or to give defendant an opportunity to withdraw his plea before imposing the enhanced sentence (see People v Hulett, 117 AD3d 1279, 1279 [2014]; People v Harden, 99 AD3d 1108, 1109 [2012]). In contrast, while only an order of protection against the victim was discussed during the plea agreement, “[o]rders of protection are not punitive in nature and are not necessarily dependent on, or the result of, a plea agreement” (People v Harnett, 72 AD3d 232, 235 [2010], affd 16 NY3d 200 [2011]; see People v Nieves, 2 NY3d 310, 316 [2004]). Accordingly, County Court did not err when it imposed an order of protection in favor of the victim and her family at sentencing and, notwithstanding this Court’s determination to remit this matter, the order of protection remains in place.
Finally, given that we are vacating the sentence, any challenge thereto as harsh and excessive is academic. In any event, such challenge would be precluded by defendant’s valid oral and written appeal waivers (see People v Bradshaw, 18 NY3d 257, 259 [2011]; People v Lopez, 6 NY3d 248, 256 [2006]).
McCarthy, J.P., Garry, Devine and Clark, JJ., concur.
Ordered that the judgment is modified, on the law, by vacating the sentence imposed; matter remitted to the County Court of Sullivan County for further proceedings not inconsistent with this Court’s decision; and, as so modified, affirmed.